| 75 | 309 |
|103 | 771 |

# Richmond.

## WENDLINGER v. SMITH AND ALS.

### February 17.

1. G, executor of V, makes a contract with W, to sell to W a lot of ground. The contract is perfect on its face and absolute ; but at the foot of it is a paper referring to it, and indicating that the devisees of V expressed their approval of the sale. This paper has to it nine seals, only four of which have names attached to them. This writing is presumably a part of the instrument, and indicates that all the devisees of V were to approve it. Whether their approval was to be a condition upon which the contract was to take effect, is uncertain upon the face of the papers ; and therefore parol evidence to prove the condition is competent.

2. The rule of law that a deed cannot be delivered to a party to whom it is made, as an escrow, to be the deed of the obligor only on condition, and that in such case the delivery is absolute and the condition nugatory, is applicable only to the case of deeds which are upon their face complete contracts, requiring nothing but delivery to make them perfect according to the intention of the parties ; not to deeds which upon their face import that something more is to be done besides delivery, to make them competent and perfect contracts according to the intention of the parties.

The questions in this case arose in a suit in equity in the chancery court of the city of Richmond, brought by C. R. and P. H. Smith, to enforce a deed of trust which had been executed by C. Wendlinger, conveying a lot with the buildings thereon to a trustee to secure certain notes which said Wendlinger had made to the plaintiffs. It appears that in May, 1865, Wellington Goddin, as executor of Seymour P. Vial, leased to Charles J. Meyers, for ten years, the lot on Bank street, and also a lot adjoining it on Main street, both of which was then without improvements, and it was one of the terms of the lease that Myers should build upon the

property, and at the termination of the lease the buildings should be valued by arbitrators, to be selected by the parties, and that Myers should receive the value of the buildings so ascertained. In August, 1865, Myers assigned his lease to Wendlinger, and both lots were improved by buildings put upon them; and subsequently Goddin, as executor of Vial, sold and conveyed to Wendlinger the lot on Bank street. The questions in this case are connected with the other lot on Main street. In June, 1873, Goddin and Wendlinger executed the following agreement:

This agreement, made this 26th June, 1873, between Wellington Goddin, executor of the last will and testament of Seymour P. Vial, deceased, party of the one part, C. Wendlinger, party of the second part, witnesseth:

Whereas by the said last will and testament of said Seymour P. Vial, the said Goddin, the executor thereof, is authorized to sell the whole or any part of the unimproved real estate of the said testator, and is also authorized, on the death of the survivor of *Peter Vial, Rosa L. P. Wilkins* and *Desiree or Keziah Boobee*, to sell all the testator's estate then remaining unsold; and whereas by the fire of the 3d April, 1865, the houses which stood on the land hereinafter mentioned were burned down and *the same·was unimproved*, and the said *C. Wendlinger is the assignee of Charles J. Myers*, with whom said Goddin, as executor aforesaid, made a building lease on said land, one of the provisions of which lease was that on the expiration of the said lease the houses erected thereon by the tenant were to be paid for by the estate of the said Seymour P. Vial, and by reason of certain embarrassments of said real estate, the compliance with this covenant will be extremely difficult, if not impossible, and in the view of the said executor it becoming highly judicious and proper to enter into a contract of sale of the said land *with the said Wendlinger;* and the said Peter Vial and Desiree Boubee having departed this life, the said

Wendlinger v. Smith and als.·

Rosa L. P. Wilkins is the sole survivor, and she has already attained extreme old age; and the said party of the second party desiring to purchase the land hereinafter mentioned, offers to pay for the same as hereinafter mentioned, the said executor covenanting to sell the same to him at the price hereinafter mentioned; and when and as soon as the purchase money is paid, and the said Rosa L. P. Wilkins shall depart this life, *to execute a good and sufficient conveyance to the said C. Wendlinger, with special warranty.*

Now, therefore, this agreement witnesseth, that the said W. Goddin, executor as aforesaid, agreed to sell, and hereby sells, to the said C. Wendlinger, all that lot of land lying and being in the city of Richmond on the north side of Main street, between 9th and 10th streets, fronting on said Main street twenty-two feet, running back seventy-five feet, at the price of seven thousand seven hundred dollars, payable on the 1st July, 1875, with interest thereon at the rate of six per centum per annum from the 1st day of July, 1873, the said interest to be paid quarterly on the 1st days of October, January, April, and July, in each year. And the said C. Wendlinger hereby covenants and agrees to purchase, and does hereby purchase, the said land from the said executor at the said price, and binds himself, his heirs, executors, and administrators to pay to the said W. Goddin, executor of Seymour P. Vial, deceased, the said sum of seven thousand seven hundred dollars on the 1st July, 1875, and to pay interest thereon from the 1st July, 1873, at the rate of six per centum per annum, and to pay the said interest in quarterly payments of one hundred and fifteen dollars and fifty cents each, on the 1st days of October, January, April, and July in each year, until the principal sum is paid.

Witness the following signatures and seal.

W. GODDIN, [Seal.]
Ex'r of S. P. Vial, dec'd.
C. WENDLINGER. [Seal.]

To this agreement the following paper was attached:

We, the undersigned devisees under the will of the late Seymour P. Vial, deceased, do hereby ratify, approve and confirm the foregoing contract.

Witness the following signatures and seals.

| | |
|---|---|
| WM. S. BAILEY. | [Seal.] |
| VIRGINIA M. BAILEY. | [Seal.] |
| J. B. EZELL. | [Seal.] |
| MARY O. EZELL. | [Seal.] |
| ——— ———. | [Seal.] |
| ——— ———. | [Seal.] |
| ——— ———. | [Seal.] |
| ——— ———. | [Seal.] |
| ——— ———. | [Seal.] |

Goddin, in his answer, insists that this was a valid and binding contract for the sale of the lot to Wendlinger; whilst Wendlinger insists that the contract depended upon Goddin's getting the assent of the devisees of Vial to the sale; and that he had not been able to get their assent, and so informed Wendlinger, and that he then considered the contract at an end.

It is unnecessary to go into further detail. The deposition of Robert G. Scott, who was the counsel of Wendlinger, pending the negotiations, and a statement of Wellington Goddin, were filed in the cause, and were excepted to as competent evidence by Goddin. If this evidence was competent, there was no doubt that the contract was dependent on the consent of the devisees of Vial.

The cause came on to be heard on the 12th of May, 1877, when the court held the contract of the 26th of June, 1873, between Goddin, as executor of Vial, and Wendlinger, was absolute on its face, and was not dependent upon the assent

of the devisees of Vial; and that it was incompetent to admit parol testimony for the purpose of altering said contract; and therefore sustained the exceptions to the deposition of Scott and the statement of Goddin, and decreed that Wendlinger must comply with the said contract. And thereupon Wendlinger applied to a judge of this court for an appeal and *supersedeas;* which was awarded.

*Guy & Gilliam, Keiley,* and *T. N. Page,* for the appellant.

*Sands, Leake & Carter, Johnson, Williams & Boulware,* and *E. Y. Cannon,* for the appellees.

BURKS, J., delivered the opinion of the court.

The contract of June 26, 1873, between Goddin, as executor of Vial, of the one part and the appellant Wendlinger of the other, for the sale by the former to the latter of certain real estate in the city of Richmond, is the subject of controversy in this case. The contention in the court below was, by the executor that the contract was a valid subsisting obligation, and should be enforced, and by Wendlinger that it was subject to a condition which, never having been performed, the contract never took effect.

By the decree appealed from the chancellor decided that the contract was binding on the parties, and that Wendlinger as purchaser should comply with the terms; in other words, the decree was substantially that the contract should be specifically performed. It is true, the decree does not proceed at once to carry the contract into execution, but it determines that it shall be done. This is a decree "adjudicating the principles of the cause," and though interlocutory, it may, under the statute, be brought here for review without awaiting a final decree in the cause. Code of 1873, ch. 178, § 2.

The objection therefore of the learned counsel of the appellees that the appeal is premature, cannot be maintained.

The decree is based on the opinion of the chancellor expressed that the contract "is absolute on its face, and was and is not dependent upon the assent of the devisees of S. P. Vial, deceased; and that it is incompetent to admit parol testimony for the purpose of altering said contract"; and therefore the deposition of Robert G. Scott and the statement of Goddin, which were excepted to, were excluded as evidence.

If the excluded evidence was in law admissible, it seems quite clear to us that it was error to decree that the covenant of 1873 should be carried into execution, as a subsisting contract binding on the parties.

This evidence (without meaning to state it in detail) shows very satisfactorily that the contract for the sale of the property was conditional. It was to be effectual if, and not unless and until the devisees of Vial should approve and ratify it in writing; and it is not claimed that such approval and ratification by all the devisees were ever secured. Mr. Scott was Wendlinger's counsel, and he raised the question whether Goddin as executor had the right to sell and convey the property under Vial's will; and he says he recollects that to remove this difficulty, it was agreed between Wendlinger and the executor, that the consent of the parties interested, the devisees under the will of Vial, to the contract for the sale of the property, should be given in writing. Not long after this Wendlinger was informed by Goddin's clerk that the signatures of some of the devisees to the written assent to the sale could not be obtained—that they had refused to sign it; and thereupon Scott, as the legal adviser of Wendlinger, counseled him not to take the property, &c.

The statements of Scott are strengthened by facts and circumstances made to appear by other evidence, not excepted to, in the cause.

In the first place, the writing appended to the covenant in 1873, in the possession of Goddin, would seem to indicate that something remained to be done to give effect to the covenant as a completed obligation. The writing is immediately below the signatures to the covenant, and is in form and of the terms following:

"We, the undersigned devisees under the will of the late Seymour P. Vial, deceased, do hereby ratify, approve and confirm the foregoing contract.

"Witness the following signatures and seals.

| | |
|---|---|
| "WM. S. BAILEY. | [Seal.] |
| "VIRGINIA M. BAILEY. | [Seal.] |
| "J. B. EZELL, | [Seal.] |
| "MARY O. EZELL. | [Seal.] |
| "———— ————. | [Seal.] |
| "———— ————. | [Seal.] |
| "———— ————. | [Seal.] |
| "———— ————. | [Seal.] |
| "———— ————. | [Seal.]" |

Then, the conduct of the parties after the contract was entered into, tends strongly to show that it was regarded by them of no continuing binding force. If effectual, it is conceded that the lease of May 2, 1865, was in that case wholly superseded. And yet, Wendlinger continued to pay and Goddin to receive rent under that lease until sometime in the year 1875, when the present controversy arose, and moreover, in the meantime, no interest was demanded or paid on the purchase money for the lot alleged to be sold to Wendlinger, though such interest was accruing from time to time under the covenant, if operative. Again, the unsuccessful negotiations for the sale between Goddin and Wendlinger in April, 1875, seem to be wholly inconsistent

with a previous and then subsisting contract for sale under the instrument of June 26, 1873.

So, we think, the facts and circumstances in this case, independently of the evidence excluded by the chancellor, give strong support to the appellant's claim, that the covenant of 1873 was upon a condition precedent to be performed by Goddin, which was never performed by him, and the contract therefore never took effect—that it was in fact wholly imperative. If, however, the excluded evidence be admitted, we are of opinion, that the existence of the alleged condition and its non-fulfillment by Goddin, is abundantly proved.

Whether, therefore, this evidence was admissible, is the only remaining question to be decided; and we are of opinion, that it was admissible, and that the learned chancellor below erred in excluding and disregarding it.

It was not offered with the view to contradict, or vary, or even explain the language employed in the written instrument, but to establish a fact or circumstance collateral to the writing, which would control its effect and operation as a binding engagement. The body of the covenant, in its terms, is plain enough, and it is absolute, but the writing annexed or appended is presumably a part of the instrument, to which it expressly refers, and manifests unequivocally the intention that all of the devisees of Vial should approve and ratify it. 1 Daniel on Neg. Inst. § 154, and cases cited in note (1), especially *Fletcher* v. *Blodgett*, 16 Verm. R. 26; *Jones* v. *Tales*, 4 Mass. 245. Whether this notification was to be a condition upon which the covenant should take effect and be binding on the parties, we are unable to determine with certainty from an inspection only of the writings, but, under the decisions of the court, the incompleteness of the instrument as a deed apparent on the face of it, taking the writing appended as a part of or connected with it, warrants the introduction of parol evidence to prove the

existence of such a condition. We need only refer to *Hicks and others* v. *Goode*, 12 Leigh, 479; *Ward and others* v. *Churn*, 18 Gratt. 801; *Nash* v. *Fugate and others*, 32 Gratt. 595.

These cases establish the proposition, that the rule of law that a deed cannot be delivered to a party to whom it is made as an escrow, to be the deed of the obligor only on condition, and that in such case the delivery is absolute and the condition nugatory, is applicable only to the case of deeds which are upon *their face complete contracts*, requiring nothing but delivery to make them perfect according to the intention of the parties; not to deeds which, *upon their face*, import *that something more is to be done besides delivery* to make them complete and perfect contracts according to the intention of the parties. In *Nash* v. *Fugate and others (supra)*, the names of none of the contracting parties were inserted in the body of the bond, which was the subject of controversy. It was signed by the principal obligor and nine others claiming to be sureties. There was nothing in the form or language of the bond to indicate that other persons were to sign it before it could take effect as to the parties who had signed it. And it was held that the fact that there were scrolls to which there were no names, did not render the instrument incomplete, or even tend to show an agreement that other parties were to sign in order to give effect to the bond.

But, in the present case, the writing appended to the covenant, in the possession of Goddin, shows clearly on its face an intention that all the devisees of Vial should, by signing the writing, declare their approval and ratification of the covenant. It is true, they are not mentioned by their names in the body of the writing; but, with as much certainty as if particularly named, they are described collectively as "*the undersigned devisees* under the will of the late Seymour P. Vial," and corresponding scrolls were subjoined to which their signatures were to be prefixed. According

to the authorities which have been cited, it was perfectly competent for Wendlinger to prove, as he offered to do, by parol evidence, that he delivered this covenant to Goddin to take effect only on condition that all of the devisees of Vial should give their written assent to the covenant, as the writing shows was contemplated. See also what was said by Judge Daniel in *Smith's Ex'or* v. *Spiller*, 10 Gratt. 318, 324.

The view we have taken of this case makes it unnecessary to consider other grounds, plausible and of much force, upon which the learned counsel of the appellant contended that the evidence excluded by the chancellor should have been received and considered.

For the reasons stated, we are of opinion that the decree of the chancery court of the city of Richmond is erroneous, and should be reversed, and the cause remanded for further proceedings.

The decree was as follows:

This day came again the parties, by their counsel, and the court, having maturely considered the transcript of the record of the decrees aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the deposition of Robert G. Scott and the statement of Wellington Goddin were improperly excluded by the said decree as evidence in this cause, and that it is proved by this and other evidence in the cause, that the covenant of June 26, 1873, in the proceedings mentioned, was sealed and delivered to take effect on condition that it should be approved and ratified by all of the devisees of Seymour P. Vial, deceased; and the said condition never having been fulfilled, the said covenant never took effect as a completed obligation binding on the parties, and was and is inoperative, and therefore should not be

Wendlinger v. Smith and als.

carried into execution as a subsisting contract, and the said decree is wholly erroneous; therefore, it is decreed and ordered, that the said decree be reversed and annulled, and that the appellant recover against the appellee Wellington Goddin, as executor of Seymour P. Vial, deceased, his costs by him expended in the prosecution of his appeal aforesaid here, to be levied of the goods and chattels of the said decedent in the hands of the said executor to be administered; and this cause is remanded to the said chancery court for further proceedings to be had therein, in order to final decree, in conformity with the opinion and principles hereinbefore expressed and declared; which is ordered to be certified to the said chancery court of the city of Richmond.

DECREE REVERSED.