MOORE v. WINANS.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

CONTRACTS—COMPLETENESS—PAROL CONDITIONS.

G. was a relative of W., deceased, and a devisee under his will. She executed and delivered to A., defendant, who was also a devisee, an undated release of all her rights in the property. The release recited that "we, relatives of said W., wish," etc.; and continued: "Now, in consideration of one dollar to each of the undersigned paid by A., we do hereby release * * * to him all our rights * * * and all claims we have," etc. It was signed and sealed by one W. G. W., also a relative of W., whose signature was witnessed, and also by G., and sworn to by her, as follows: "G., being duly sworn, * * * says that the foregoing statement, signed by her and W. G. W., is true. * * *" There was no blank for insertion of other signatures. In an action to set it aside, on the ground that it was to be void until executed by all of W.'s relatives, devisees, and legatees, *held* that, as it was complete on its face, no evidence was permissible either to show that there were in fact other relatives, devisees, or legatees, or that it was conditional on their execution of it.

Appeal from special term.

Action by Francis G. Moore, as executor of Grace E. W. Moore, deceased, against Anthony V. A. Winans. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

William Man, for appellant.
Everett P. Wheeler, for respondent.

RUMSEY, J. On the 9th of November, 1893, Mr. Anthony V. Winans, the father of the defendant, died, leaving a last will, by which, among other things, certain devises were made to the defendant, and to one Grace E. W. Moore, the plaintiff's testator. The precise nature of the devise to Mrs. Moore it is not necessary to consider, further than to say that she took by the will an interest in the real estate of which the testator died seised. This will was admitted to probate in this county in the early part of the year 1894. In the fall of that year there was delivered to the defendant a release signed by one W. G. Winans and Grace E. W. Moore, by the terms of which they released and quitclaimed to the defendant all their right, title, and interest in, and all claim which they had or could

have upon, the estate of Anthony V. Winans. The circumstances under which that release was delivered will be considered later, so far as may be necessary to do so. After Mrs. Moore's death, this action was brought, in which her executor asks for a judgment of the court setting aside the release, upon the ground that it was signed by Mrs. Moore upon the representation that all the relatives, devisees, and legatees of Anthony V. Winans, deceased, were to join in the execution of the papers, or otherwise that the said writing was not to be considered as a binding obligation on those who did execute it. It is alleged in the complaint that it was executed by Mrs. Moore in reliance upon these representations, and was delivered upon the condition that the defendant was to procure the signatures of all the relatives, devisees, and legatees to the said writing, and to cause them to join in the execution thereof, or otherwise the said writing was to be void and of no effect. That it was delivered upon any such condition was denied by the defendant, and the case came for trial upon the issue thus formed. Mrs. Moore being dead, of course the defendant was not competent as a witness to testify to any transactions between himself and her, and probably for that reason his side of the case in that regard was not given. So far as it was asserted that the writing was delivered upon a condition, the case stood solely upon the testimony of William G. Moore, the husband of Grace E. W. Moore. The learned justice before whom the case was tried concluded that the paper was delivered upon the condition that other members of the family should sign it, and that it should be void until all had signed it, and that, as it was not signed by the other members of the family, it was consequently void, and judgment was ordered setting it aside. From that judgment this appeal is taken.

There is no question or dispute between the parties that the law is that delivery of a completed deed cannot be made to the grantee conditionally, and that, if such a delivery be made to him upon any condition, the delivery operates unconditionally and at once, and the condition is unavailable. Worrall v. Munn, 5 N. Y. 229; Blewitt v. Boorum, 142 N. Y. 357, 363, 37 N. E. 119. In the case last cited the rule was limited somewhat from what it had been supposed generally to be, and the court held that it could only be applied to an instrument which was necessarily required to be under seal, and it did not apply to any instrument simply because of the fact that it was sealed, when it was not necessary that it should be under seal to make it effectual, but as thus limited the rule was stated to be well settled in this state. It must be said, too, that the rule only applies to a paper which is complete upon its face, and not to one which is incomplete because it is insufficiently executed, or because it is apparent upon its face that it was not intended to take effect. In either of those cases, the instrument, either because it is incomplete or because it is evident that it is not to be effectual upon delivery, does not take effect until either it is completed or the conditions come to exist upon which its validity is made to depend. But as the rule now exists and is limited in this state, that an instrument apparently complete upon its face, which must necessarily be

under seal, cannot be delivered to the grantee upon a parol condition, it must be deemed to be well settled. This is not merely a technical rule, as has been suggested, but it is founded in good sense, and based upon a proper regard for the soundness of titles and the interest of those who deal in them. It is necessarily applied almost entirely to transactions in regard to real estate, and the effect of it is, when one has made a deed of real estate, and delivered it to the grantee, who thereby becomes possessed of the power to use it, that a grantor cannot overthrow the title thus created by any assertion that he did not intend to do precisely what he did do when the title was delivered. The question here is whether, under the circumstances, that rule must be applied in this case. It is conceded in the case that the testator, Anthony V. Winans, died seised of real estate in the city of New York. This release, then, to be operative, must necessarily have been under seal, as it was, and therefore it comes within the rule as limited by the case of Blewitt v. Boorum, supra. That the paper was delivered by Grace Moore to the defendant cannot be denied. Her husband testifies that she sent it to the defendant. It appears that the defendant had it in his possession. It is alleged in the complaint that it was delivered, but upon a condition. There can be no doubt, therefore, that the paper was in fact delivered to Winans by Mrs. Moore. Was it then a complete paper, within the rule? An examination of it shows that it was not dated; that after a recital of the death of Anthony Winans, leaving a widow and son surviving him, and the will and codicil purporting to dispose of the property, it proceeds: "And we, relatives of the said Anthony V. Winans; wish," etc. Then it proceeds: "Now, in consideration of one dollar to each of the undersigned in hand paid by Anthony Van Arsdale Winans, son of Anthony V. Winans, we do hereby release and quitclaim to him all our rights, title, and interest in, and all claim we have or can have to, all and singular the property of every kind and nature that belonged to said Anthony V. Winans at the time of his death, to have and to hold the same to him absolutely." This paper was sworn to by Mrs. Moore on the 27th day of October, 1894, in these words: "Grace E. W. Moore, being duly sworn according to law, says the foregoing statement signed by her and W. G. Winans is true of her own knowledge." As the name of W. G. Winans does not appear in the paper anywhere else than where it is signed, it must be assumed that it was so signed before this affidavit was made by Mrs. Moore. It was therefore signed by the two persons at the time it was delivered to the defendant, and each one of those persons answered the description of a relative of Anthony V. Winans. There was not upon the paper anywhere any blank left for the insertion of any other names, nor anything from which it could be inferred that any other person was to sign it. As it stood after having been signed by Mrs. Moore, it was an unconditional release by more than one person of the interest in certain property and it was signed by two persons. There can be no doubt that, standing by itself, it was a perfect instrument so far as it went. It was witnessed as to one of those persons and was acknowledged by the other, so that it

48 N.Y.S.—19

was sufficiently executed for all purposes. If there had been cause
to use it in any legal proceedings, the mere presentation and proof
of the signature would have required a holding that it was effectual
for the purpose for which it was intended, and no parol testimony
needed to be given to show that it operated as to those two persons
who signed it. It was therefore a perfect instrument in itself.

It is said. however, that this instrument was not complete because
it was intended to be signed by other relatives. But nothing of that
sort appears upon the face of the instrument. Reading the instru-
ment, and depending upon that alone, it would be impossible to say
that any other relatives than the two who signed it were expected to·
sign it or had any interest in the will, or that there were any other
devisees in the will, or even that there were any other relatives.
These things can only be made to appear by parol testimony that
there were other relatives or other persons interested in the will,
and, in the absence of such testimony, the paper is a complete and·
perfect instrument. Such testimony must be given before other
parol testimony would be competent to show that the paper was·
delivered upon any condition. We have therefore this condition
of affairs: The defendant presents an instrument which upon its
face is complete, fully executed, and effectual for the purpose for·
which it is apparently intended. The plaintiff proposes to attack
its delivery. He cannot do this if the instrument is complete, and·
appears upon its face to have been finally executed. This instru-
ment does have that appearance. He therefore proposes to de-
stroy its legal effect by introducing parol testimony that the words·
used in the instrument have a more extended meaning than that
naturally to be given to them; and he offers this parol testimony
for the purpose of enabling him to destroy the instrument to that
extent, and to show that it was not in a condition to become oper-
ative, and thereby entitle himself to give further parol testimony to·
show that it was not intended to become operative. It must be
remembered that upon its face the instrument is not at all ambigu-
ous; that there is nothing in·it which requires explanation, but, with-
out any parol testimony whatever, it is effective to do precisely the·
thing which the two signers say they propose to do by it. There is·
no necessity of parol testimony, even to explain a latent ambiguity,.
because there is none. The plaintiff, seeking to establish the condi-
tion, is utterly powerless to make the proof which would warrant
her in establishing the condition until she has given parol evidence·
that the paper, which is apparently complete upon its face, in fact
means something else than it appears to mean. This testimony is·
clearly incompetent if it is offered, not to establish the condition,
but to establish the incompleteness of the paper which apparently·
is complete, so as to make competent the parol testimony which·
against the complete paper is not competent at all. In the absence·
of any testimony whatever, the paper is complete and perfect, and
for that reason the parol testimony was incompetent.

The learned counsel for the respondent has cited us to several cases·
which he claims sustain his contention. One of these is the case
of Brackett v. Barney, 28 N. Y. 333. There is a long opinion of the·

court of appeals in that case, the greater part of which was not adopted by any other judge than the one who wrote it. The case turned, however, very largely upon the point that the bond and mortgage which had been delivered by the mortgagor to the mortgagee did not take effect as such at the time of the delivery. It appeared in the case that when they were delivered they were not complete instruments. They were signed only by the obligor and mortgagor. They were not acknowledged by him, but it was understood that, when the transaction was finally completed, they were to be signed by the wife, who appeared in the body of the mortgage as a mortgagor, but whose name was not signed, and were to be acknowledged by the wife and the mortgagor. For that reason it is quite clear that the mortgage which was the subject of consideration in the case was not a complete instrument, and was not within the rule which the defendant invokes in this case. The case of Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127, was the case of a writing which was not necessarily required to be under seal, and for that reason that case does not apply here. The case of Wendlinger v. Smith, 75 Va. 309, is cited as conclusive in behalf of the plaintiff. If that case laid down a different rule from the one which is laid down in Worrall v. Munn, supra, it would not be controlling in this state; but the case is no authority for the state of facts which is made to appear here. The contract for the property in that case was, by its express terms, made dependent for its validity upon the approval of certain persons, and a blank approval, to be signed by those persons, was put at the foot of the contract. Upon that approval were affixed seals for the names of many other persons than those who in fact signed it, and it was apparent, from an inspection of the paper, that it was not a complete paper, for the reason that it had not been signed by several persons whose names were intended to be signed to it. The case, therefore, is not like the present one. No case is cited which overthrows the well-established rule, or which, if applied to the facts of this litigation, operates to exempt it from the general rule. This rule, which rendered the condition invalid, was not observed by the learned trial judge, and for that reason his judgment was erroneous, even if it can be said that there was any testimony in the case upon which he might have found that there was a delivery upon any condition whatever. But we think there is no such testimony. All the evidence upon the subject which was given at all came from William G. Moore, the plaintiff's witness, who said that he was present when his wife received a letter from the defendant, which she opened and handed to him. It contained the release, and a request in the letter "that my wife sign a release; that other members of the family were going to sign, and unless she signed, and they all signed, it would be void." That letter the witness said was signed by the defendant. There is no other evidence of any condition whatever, and there is no evidence at all that the release was delivered in reliance upon any of the statements contained in the letter, or that any reference was made to the letter when the release was sent to the defendant. The witness says, simply, that his wife executed the release, and sent it to the defendant,

and he makes no claim that at that time any statement was made to the defendant that the execution was upon any condition whatever.

The evidence is totally defective to establish that there was any delivery upon condition, and for that reason, as well as for the reason given in the former part of this opinion, the judgment should be reversed, and judgment ordered for the defendant dismissing the complaint.     All concur.