MARY B. HAMLIN, Respondent, *v.* HERBERT W. HAMLIN et al., Appellants.

1. PRACTICE — FINDINGS OF FACT — WHEN FINDING, NOT EMBODIED IN JUDGMENT, CONSTITUTES PART OF, AND ENTERS INTO, JUDGMENT — WHEN AVAILABLE UPON APPEAL. A finding by the trial court, though not embodied in the formal decision thereof, is nevertheless a part of, and enters into, the judgment, and when such finding is inconsistent with a formal finding, embraced in the decision, upon a question at issue, an appellant has the right to rely upon it, if more favorable to his contention than the formal decision.

2. REAL PROPERTY — DEED — DELIVERY CANNOT BE MADE TO GRANTEE CONDITIONALLY. Where the delivery of a deed is intended to give effect thereto without the further act of the grantor, any oral condition accompanying the delivery would be repugnant to the terms of the deed, and parol evidence to prove that there was such a condition attached to its delivery is inadmissible in an action to cancel or set it aside.

3. SAME — PAROL EVIDENCE OF ORAL CONDITIONS INADMISSIBLE IN ACTION TO REMOVE CLOUD ON TITLE. Where, in an action to have canceled, as clouds upon her alleged title to real estate, certain unrecorded deeds executed by the plaintiff to her husband during his lifetime and found in his safe deposit box after his death, it is found by the court that the plaintiff had delivered the deeds to her husband, a contention that the delivery was conditional and was not to operate to divest her title cannot be sustained; the argument that such delivery was inoperative to convey an absolute title, by reason of terms and conditions thereafter to be determined, in effect, opposes the operation of the rule of law which condemns the doctrine of conditional deliveries for avoiding by parol averment the terms of the deed.

4. EVIDENCE — DECLARATIONS OF GRANTEE IN CASUAL CONVERSATIONS INADMISSIBLE TO AFFECT ABSOLUTENESS OF TITLE. Evidence of declarations made by the husband, in conversations of a casual nature, purporting to show his intention to give the property to his wife or that he had given it to her, is inadmissible to affect the absoluteness of the title of the deceased. It had no bearing upon the delivery of the deeds, and in so far as it tends to contradict their terms it should be excluded.

*Hamlin* v. *Hamlin*, 117 App. Div. 493, reversed.

(Argued April 16, 1908; decided May 19, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 3, 1907, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

. The nature of the action and the facts, so far as material, are stated in the opinion.

*Morgan J. O'Brien, H. W. Alden, James Cochran* and *Albert E. Seibert* for appellants. The trial court erred in permitting the plaintiff to testify, either directly or indirectly, to conversations between herself and her late husband concerning the deeds or the property affected thereby. (*Sloan* v. *N. Y. C. R. R. Co.,* 45 N. Y. 125; *Clift* v. *Moses,* 112 N. Y. 426; *Boyd* v. *Boyd,* 164 N. Y. 234; *Richardson* v. *Emmett,* 170 N. Y. 412; *Viall* v. *Leavens,* 39 Hun, 291.) The evidence shows without dispute that the deeds, after being executed, were manually delivered by the grantor to the grantee, and thereby the title to the premises became vested in the grantee, as there could not be a conditional delivery. (*Blewitt* v. *Boorum,* 142 N. Y. 357; *Moore* v. *Winans,* 23 App. Div. 308; *Braman* v. *Bingham,* 26 N. Y. 483; *Worrall* v. *Munn,* 5 N. Y. 229; *Cox* v. *Baker,* 49 N. Y. 107.) The execution and acknowledgment of the two deeds and their manual delivery by the plaintiff to her husband, in connection with the facts that subsequent to such delivery they remained continuously in his actual possession, and were found after his death in a safe deposit box to which he alone had access, conclusively establishes a delivery that vests the legal title to the premises in the husband. (*Souverbye* v. *Arden,* 1 Johns. Ch. 240; *Wallace* v. *Berdell,* 97 N. Y. 13; *Burden* v. *Burden,* 10 App. Div. 340; *Strough* v. *Wilder,* 119 N. Y. 530; *Rankin* v. *Donovan,* 46 N. Y. 225; 166 N. Y. 626; *Hulse* v. *Bacon,* 40 App. Div. 89; 167 N. Y. 599; *Ten Eyck* v. *Whitbeck,* 156 N. Y. 341; *Holbrook* v. *Truesdell,* 100 App. Div. 10; *Higgins* v. *Ridgway,* 153 N. Y. 130; *Person* v. *Hawkins,* 41 App. Div. 171.) As a matter of law the legal presumption of delivery arising from the fact that a duly executed and acknowledged deed which had been manually delivered to the grantee was subsequent to his death found in a deposit box to which he alone had access prior to his death, was not overcome by plaintiff's evidence in this case. (*Souver-*

*bye* v. *Arden*, 1 Johns. Ch. 240; *Carnes* v. *Platt*, 9 J. & S. 435; *Wallace* v. *Berdell*, 97 N. Y. 13; *Williams* v. *Guile*, 46 Hun, 635; *Hull* v. *Littauer*, 162 N. Y. 569; *Halliday* v. *Gass*, 51 App. Div. 530; *Strough* v. *Wilder*, 119 N. Y. 539; *M. S. D. Co.* v. *Huntington*, 89 Hun, 465; *Purdy* v. *Coar*, 109 N. Y. 448; *People* v. *Snyder*, 41 N. Y. 397; *Robinson* v. *Wheeler*, 25 N. Y. 352.) The court committed reversible error in admitting parol evidence tending to establish a conditional delivery of the deed. (*Braman* v. *Bingham*, 26 N. Y. 483; *Moore* v. *Winans*, 23 App. Div. 312; *Johnson* v. *Cole*, 178 N. Y. 364; *Uihlein* v. *Matthews*, 172 N. Y. 154; *Shepard* v. *M. Ry. Co.*, 169 N. Y. 160; *Scrugam* v. *Wood*, 15 Wend. 545.)

*Henry W. Taft, Max Pam, Arthur C. Patterson* and *John B. Gleason* for respondent. There is evidence to support the findings of the trial court that there was no legal delivery of the deeds by the plaintiff or acceptance thereof by her husband. This court will not, therefore, examine the record to inquire whether the findings are against the weight of evidence. (*Strough* v. *Wilder*, 119 N. Y. 530; *Ostrom* v. *Greene*, 161 N. Y. 353; *Cox* v. *Stokes*, 156 N. Y. 491; *Crim* v. *Starkweather*, 136 N. Y. 635; *White* v. *Benjamin*, 150 N. Y. 258; *Fairchild* v. *Edson*, 154 N. Y. 199; *Furner* v. *Seabury*, 135 N. Y. 50; *Ford* v. *James*, 4 Keyes, 300.) The evidence, both written and oral, which was offered by the plaintiff and admitted by the court, to negative the inference of delivery arising from the discovery of the deeds in the safe deposit box of Mr. Hamlin, and from other facts which were established, was admissible. (*Arnot* v. *E. Ry. Co.*, 67 N. Y. 315; *Ten Eyck* v. *Whitbeck*, 156 N. Y. 341; *Ford* v. *James*, 4 Keyes, 300; *Graves* v. *Dudley*, 20 N. Y. 76; *Scott* v. *Scott*, 95 Mo. 300; *Hill* v. *McNichol*, 80 Me. 209; *Higgins* v. *Ridgway*, 153 N. Y. 130; *Persons* v. *Hawkins*, 41 App. Div. 171; *Holbrook* v. *Truesdell*, 100 App. Div. 9; *Souverbye* v. *Arden*, 1 Johns. Ch. 240.) No error was committed in admitting the testimony of the plaintiff. (*Hoag* v. *Wright*,

174 N. Y. 36; *Ham* v. *Van Orden*, 84 N. Y. 257.) There is no evidence that there ever was a manual delivery of the deeds from the plaintiff to her husband. (*Holmes* v. *Seaman*, 117 App. Div. 381, 387; *O'Brien* v. *B. T. Co.*, 31 App. Div. 632; 165 N. Y. 637; *Bushe* v. *Wright*, 118 App. Div. 320.)

GRAY, J.   The plaintiff seeks to have canceled, as clouds upon her alleged title to the real estate therein described, certain deeds executed by her to Frederick R. Hamlin, her husband, during his lifetime.   The theory of her complaint was that there had never been any delivery of those deeds and that there had been no intention, on the part of either, that there should be a delivery, until the full value of the property was paid to her.   It appears that her husband purchased the properties, which consisted in real estate in New York city and on Long Island, a few months after their marriage and had the deeds made out in her name.   Thereafter, she executed two deeds, by which she conveyed both parcels to him and, upon his death, which occurred very shortly thereafter, her deeds to him were found in his safe deposit box.   They had not been recorded and one of his executors, notwithstanding her objection, caused them to be recorded.   Upon the trial, the claim that there had been no delivery was, practically, abandoned and the contention of the plaintiff was that the delivery of the deeds was for temporary purposes, or conditional, and was not to operate to divest her ownership. The plaintiff recovered judgment at the Special Term and the judgment has been affirmed at the Appellate Division, but by a divided court.   The trial court, in reaching the legal conclusion that the deeds in question were null and should be canceled, found as facts, among others, that, in executing the deeds, " the plaintiff did not intend that said deeds should be delivered as operative or effective deeds ;" that " the said Frederick R. Hamlin did not, at the time the deeds came into his possession, intend to accept or receive the deeds as operative or effective deeds or conveyances

of the property therein described " and that " there was no delivery of the deeds    *    *    *    and no acceptance thereof." Singularly enough, however, it was, also, found by the trial court, upon the request of the defendants, that the " plaintiff delivered the deeds, covering both of said premises, to Frederick R. Hamlin." Though not embodied in the formal decision of the court, this finding is, nevertheless, a part of, and enters into, the judgment and being inconsistent with the finding upon the question of delivery, the appellants have the right to rely upon it as being more favorable to their contention. We must regard it, therefore, as established that the plaintiff had delivered to her husband the deeds conveying the properties, which she had executed, and, indeed, her own testimony puts it beyond doubt. She stated to the executor, in a conversation, that her husband had told her " fifteen minutes before she signed the deeds that it was simply to help him temporarily, in case he needed the money for his business." The necessary inference is of a sufficient delivery to pass the title. With that fact established in the case, there remains but little tenable ground for the plaintiff's position that her delivery of the deeds was conditional and that it was not the intention of either party that the conveyances should be effective at the time of delivery. Whether this circuitous method of transferring the title to the real estate into Hamlin, which he had purchased, was with no idea of acquiring it for himself, but, merely, that he might have the evidences of title in his possession, to subserve the needs of his business, as is the claim of the plaintiff; or whether, being in a business attended by considerable hazards, plaintiff's husband wished to be in a position, at any time, either to be able to resort to the property as an asset, or to preserve it from his creditors, is quite immaterial. If we should give full effect to the plaintiff's claim, it would be to hold the delivery by her of the deeds to have been conditional and not absolute; but that would be violative of the settled rule in this state that a delivery cannot be made to the grantee conditionally. Any oral condition accompanying the delivery, in such case,

would be repugnant to the terms of the deed and parol evidence to prove that there was such a condition attached to the delivery is inadmissible. The reason for the rule applies to every case where the delivery is intended to give effect to a deed without the further act of the grantor and such was this case; for, according to plaintiff's testimony, she intended to convey to her husband, whatever their arrangement, at the time, that the properties should remain hers, if not needed in his business. It was not a case where the deeds were not to pass out of the possession of the grantor, until certain conditions were fulfilled. These deeds had passed out of the plaintiff's possession and into that of the grantee, by the deliberate act of the former, and no oral condition, at the time, will be admitted to contradict the import of the written instruments.

The rule, to which I referred, has been repeatedly asserted in the courts of this state from an early time. (*Souverbye* v. *Arden*, 1 Johns. Ch. 240; *Worrall* v. *Munn*, 5 N. Y. 229; *Braman* v. *Bingham*, 26 ib. 483; *Wallace* v. *Berdell*, 97 ib. 13; *Blewitt* v. *Boorum*, 142 ib. 357; *Moore* v. *Winans*, 23 App. Div. 308; affd. by this court on opinion below, 160 N. Y. 703.) In *Braman* v. *Bingham* (*supra*) Judge SELDEN observed, "if a delivery to the grantee can be made subject to one parol condition, I see no ground of principle which can exclude any parol condition. The deed having been delivered to the grantee, I think the parol evidence that the delivery was conditional was properly excluded." In that case, a defense was that the deed was delivered to the grantee to be held in escrow and it was held that "such a delivery vests the title in the grantee, although it may be contrary to the intentions of the parties." In *Blewitt* v. *Boorum* (*supra*) Judge PECKHAM, referring to the rule, observed "whether there is a sound basis for any distinction between cases relating to real estate and other kinds of written instruments, it is not now important to inquire; for the rule that instruments of the former character cannot be conditionally delivered to a party

is too firmly settled here in this state to be overruled, or even questioned."

It is argued for the respondent that the intention of the parties bears upon the question of a delivery of the deeds and of their acceptance; that, as a question of fact, intention is to be determined by evidence and that the evidence of the plaintiff supported the decision of the trial court. In the argument much reliance is placed upon the authority of *Ten Eyck* v. *Whitbeck* (156 N. Y. 341). Irrespective of authority, it would go far in answer to say that delivery in this case was expressly found by the court as a fact. This finding upon the evidence, of which plaintiff's own testimony, to which I have adverted, was a part, that she executed the deeds " to help her husband temporarily in case he needed the money for his business," leaves little room for such an argument. I am unable to perceive how the case of *Ten Eyck* v. *Whitbeck* has any especial application to the plaintiff's case. There the title to the land was attacked upon the ground that the deed, under which the defendant claimed title, was obtained from the grantor through fraud, conspiracy and undue influence. Judge MARTIN, in his opinion, points out that the delivery of a deed is essential to the transfer of title and says that the question of delivery, " involving as it does acceptance, is always one of intention and where there is a conflict in the evidence, it becomes a question of fact to be determined by the jury." In this statement and in observing that the presumption of delivery and of acceptance is one that must yield to opposing evidence, he only states the general rule applicable to all cases where those facts are to be established, in order that the deed in dispute may be held to have been an effective conveyance. But, in truth, the argument is not, now, that there was no actual delivery, nor acceptance, of the deeds; as I apprehend it, it is that the delivery was inoperative, by reason of " terms and conditions thereafter to be determined ", to convey an absolute title. That is a contention, however, which, in effect, opposes the operation of the rule of law heretofore mentioned; which condemned the

doctrine of conditional deliveries, for avoiding by parol averment the terms of the deed.

Much evidence was introduced by the plaintiff for the purpose of showing what Mr. Hamlin's intentions were with reference to the properties he had bought, as declared upon several occasions to various persons, and reliance is placed upon it as supporting the judgment. These declarations were made in conversations of a most casual nature and were of the purport, that he was going to give the house to his wife, or that he had made a wedding present of it to her, or that it was his wife's house, or that the house belonged to her. These conversations were, at various times, with real estate agents, friends, a house decorator, a painter, an architect, a physician, or with his wife's father, and were quite inadmissible to affect the absoluteness of the title of the deceased. The evidence had no bearing upon the delivery of the deeds and, in so far as it tended to contradict their terms, it should have been excluded. It was insufficient as proof, in any event. If such authentic acts as duly executed deeds " can be impeached by loose and idle conversations ", as Chancellor KENT remarked in *Souverbye* v. *Arden* (*supra*), " there would be no safety in ordinary transactions and no certainty in legal solemnities." Declarations by a grantee to be admissible should be such as characterize his possession and must be made when pertinent and important upon the question of the actual ownership. They must rise higher than casual and conversational remarks ; they must be made when the person was called upon to make them and when the truth was required to be spoken. Such a rule commends itself in principle and should be adhered to in the interest of the safety of titles.

A serious question is raised as to the admissibility of conversations between the plaintiff and her husband's executor, in which she repeated what her husband had said to her ; but, in the view I take of the case, the appellants were not prejudiced and I shall not discuss the evidence, or whether it was sufficiently excepted to. I think that the decision of the trial court was without support in the findings, or in the evidence,

and whether for that reason, or for the erroneous admission of the evidence of the declarations of the deceased grantee, I advise that the judgment appealed from be reversed and that a new trial be ordered; with costs to abide the event.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment reversed, etc.