# LUDWIG FRANK

*vs.*

# IGNATIUS J. COSTIGAN ET AL.

*Deed in Nature of Mortgage—Construction—Sum Secured—
Delivery in Escrow—Subsequent Incumbrance by Grantor.*

Where, by the terms of a conveyance to be held in escrow, the grantee was to pay a named sum to the grantor, and the grantor was to further incumber the property to a certain amount, and the instrument was to be placed of record so soon as either such payment was made or incumbrances created, provided the grantor did not repay the sum advanced by the grantee upon demand, *held* that the conveyance was in the nature of a mortgage, as being made to secure the payment of money.                                                                pp. 111, 112

A conveyance by the terms of which an estate is to vest only upon the performance of conditions is properly designated as a grant on conditions precedent.                                              p. 112

The rule that the delivery of a deed to the grantee in escrow operates as an absolute delivery, does not apply when the conveyance imports upon its face that something besides delivery is necessary to make it complete.                                          p. 111

Where a conveyance in the nature of a mortgage called for the payment by the grantee of five hundred dollars at the time of its execution, *held* that, for the purpose of a suit by the grantee to restrain a sale of the property as belonging to the grantor, any payments made at the time of execution in excess of five hundred dollars, were, in the absence of allegations to the contrary, to be presumed to have been made in connection with other transactions.                                                    p. 112

The grantors in a conveyance in the nature of a mortgage having been, by the terms thereof, authorized to incumber the property to a limit named, *held* that a judgment subsequently

confessed by the grantors was within such authorization, and the grantee could not enjoin an execution sale of the property under such judgment.                                              p. 113

*Decided April 5th, 1922.*

Appeal from the Circuit Court for Montgomery County, In Equity (PETER, J.).

Bill by Ludwig Frank against Ignatius J. Costigan, William H. Talbott, and George E. Nicholson, Sheriff. From an order dismissing the bill, plaintiff appeals.  Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Frank Higgins* and *Thomas L. Dawson,* for the appellant.

*William H. Talbott* and *Ignatius J. Costigan,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

On the 30th day of April, 1918, a judgment by confession was entered in the Circuit Court for Montgomery County in favor of the appellees, Ignatius J. Costigan and William H. Talbott, against Juanita L. K. Frank and Charles Lee Frank, her husband, for the sum of $1,800 and costs.  Upon that judgment an execution was issued on the 4th day of February, 1921, to the appellee George E. Nicholson, Sheriff of Montgomery County, and he thereunder seized and advertised for sale a parcel of land, with the improvements thereon, located in said county.  The title to and the ownership of the property so seized and advertised for sale was claimed by the appellant under a conveyance to him from the said judgment debtors dated the 18th day of April, 1918, acknowledged the 18th day of June thereafter, and recorded on the 19th day of August of the same year; and he, on the 4th

day of May, 1921, filed his bill in which he sought, with other relief, an injunction to restrain the appellees from proceeding further with the execution of the writ of *fieri facias* against the property so claimed by him.

With this bill he filed said conveyance to him from Mrs. Frank and husband, which is as follows:

> "This Deed, Made this eighteenth day of April, in the year of our Lord one thousand, nine hundred and eighteen, by and between Juanita Lincoln Kidder Frank and Charles Lee Frank, her husband, of Montgomery County, Maryland, parties of the first part, and Ludwig Frank, of Seattle, Washington, party of the second part:
>
> "Witnesseth, That in consideration of the sum of two thousand, two hundred dollars ($2,200.00) the said parties of the first part do grant and convey unto Ludwig Frank, party of the second part, his heirs and assigns, in fee simple, all that piece or parcel of ground situate, lying and being in Montgomery County, State of Maryland. * * *
>
> "Together with the buildings and improvements thereupon erected, * * * .
>
> "To have and to hold the said piece or parcel of land and premises above described or mentioned, * * * together with the rights, privileges, appurtenances, and advantages thereto belonging or appertaining unto and to the only proper use, benefit and behoof forever of the said Ludwig Frank, provided the consideration herein named shall have been paid to the aforesaid Juanita Lincoln Kidder Frank by the party of the second part as hereinafter set out and provided the other conditions hereinafter set out shall have happened, to wit: the said party of the second part agrees to pay to the said Juanita Lincoln Kidder Frank five hundred dollars ($500.00) at the signing of this deed, which is thereupon to be delivered in escrow to and upon the following conditions: the said party of the second part agrees to pay to the

said Juanita Lincoln Kidder Frank further additional
sums up to and including the sum of one thousand,
seven hundred dollars ($1,700.00) in such sums and
at such times as the said **Juanita Lincoln Kidder**
Frank may demand, with the express agreement be-
tween the parties hereto that when the said party of
the second part shall have paid to the said Juanita
Lincoln Kidder Frank the said additional sum of one
thousand, seven hundred dollars, or when the encum-
brance on the aforesaid property shall amount to the
sum of seven thousand, eight hundred dollars, this
deed shall be put of record by the party who may hold
it in escrow, and the party of the second part shall
become and be the owner of the herein described
property, subject to the encumbrances which shall
then be of record against it; provided further that
before this deed shall be put of record the party of
the first part shall have an opportunity to repay to the
party of the second part on the demand of the said
party of the second part the money which shall have
been advanced by him to the said Juanita Lincoln Kid-
der Frank, in the manner above set forth.

"And the said parties of the first part covenant
that they will warrant specially and generally the
property hereby conveyed; that they are seized of the
land hereby conveyed; that they have a right to con-
vey said land; that the said party of the second part
shall quietly enjoy said land; that they have done no
act to encumber said land, over and above the sum of
three thousand dollars, and that they will do no act
to encumber· said land over and above $7,800.00 in
all, and that they will execute such further assur-
ances of said land as may be requisite.

"Witness our hands and seals.

"Juanita Lincoln Kider Frank.   (Seal)
"Charles Lee Frank.             (Seal)
"Test: S. A. Terry."

To the deed is attached a certificate of acknowledgment
before S. A. Terry, a Notary Public, dated the 18th day of

June, 1918, with an endorsement thereon that the said conveyance was received for record on the 19th day of August, A. D. 1918, and recorded among the Land Records of Montgomery County.

The bill alleges the existence of an encumbrance (mortgage) of $3,000 mentioned in the conveyance, which at the time rested as a lien upon the property subsequently seized under the execution; and it further alleges that in addition to the $500 mentioned therein to be paid by the appellant at the time of the execution of the conveyance, he also at such time paid to Mrs. Frank and husband the sum of $3,000, and that he, "after the execution and delivery of said deed and before the obtention of the judgment aforesaid, advanced further and additional sums" to Mrs. Frank, "aggregating the sum of fifteen hundred dollars," and "that the total amount paid (by him to her) aggregates the sum of $5,000."

The bill further alleges that he, the appellant, "failed to immediately record said deed because it was defectively executed and for no other reason whatsoever," and in the bill the appellees, Messrs. Costigan and Talbott, are charged with "actual notice of the execution and delivery of said deed and the payment of three thousand dollars so as aforesaid made and done."

Upon the filing of the bill an injunction was granted as prayed, whereupon the defendants demurred to the bill and moved for a dissolution of the injunction.

The court, by its order of the 13th day of August, 1921, dissolved the injunction, sustained the demurrer, and dismissed the bill. It is from that order that the appeal in this case was taken.

It is disclosed by the above mentioned conveyance, which is in the nature of a mortgage, that Mrs. Frank, at the time of its alleged execution on the 18th day of April, 1918, was the owner of the property mentioned and described therein and that at that time there was a mortgage thereon of $3,000.

The property was valued by Mrs. Frank at $10,000. At that valuation her equity of redemption therein amounted to $7,000. In the conveyance to the appellant, the consideration to be paid by him was $2,200. Of this sum, $500 was to be paid in cash at the time of its execution, and the balance from time to time when called for by her. The sum of $2,200 and the mortgage of $3,000, which the appellant assumed to pay, amounted only to the sum of $5,200, or $4,800 less than the amount at which Mrs. Frank valued her property. The latter amount was not to be paid in cash by the appellant, but Mrs. Frank, under the agreement, was to further encumber the property for said sum of $4,800, and this, with the existing mortgage of $3,000, would encumber the property to the extent of $7,800, the payment of which, when placed thereon, was to be assumed by the appellant.

Inasmuch as the appellant had not paid to Mrs. Frank the money that was to be paid by him, and she had not encumbered the property to the amount she was authorized, the transaction or arrangement between them was not, at the time of the execution of the conveyance, fully completed, and it was for that reason, as provided for in the conveyance, that it was delivered to the appellant in escrow to await the performance of the conditions therein contained before its delivery should become absolute. The conditions were: first, that the appellant should pay the balance of $2,200 that was to be paid by him; second, that Mrs. Frank should further encumber the property to the extent of $4,800; and third, that after the performance of these conditions, Mrs. Frank should fail to pay the advances made by appellant on demand by him. It was not until these conditions were complied with that the conveyance was to be placed upon record, and the complainant to become the owner of the property, subject to the encumbrances placed thereon by Mrs. Frank.

The rule generally recognized, that a delivery of a deed to the grantee in escrow operates as an absolute delivery, does not apply in this case, as the conveyance upon its face imports that something besides delivery was necessary to be done ·in

order to make it complete. 13 *Cyc.* 564; *Whitney* v. *Dewey,* 69 L. R. A. 579; *Mudlinger* v. *Smith,* 75 Va. 309.

The conveyance, as we have said, is in the nature of a mortgage, for it is provided in it that, although the appellant should pay unto the grantor all that he was to pay her under the agreement, she was still to have the opportunity to repay him, on demand made upon her by him, the money so advanced and paid to her, and it was not until demand was made upon her to repay said money, and her failure to pay it, that the conveyance was to be filed for record and the property therein described to become his. The fact that she was to have the opportunity to repay the appellant that which he had paid under the agreement gives to the conveyance the characteristic of a mortgage, in that the land described therein was conveyed to secure the payment of said money.

The paper writing may also be designated as a grant on conditions precedent, under which an estate in the lands therein described did not vest until the conditions were performed. *Venable on the Law of Real Property,* 107.

One of the conditions, as we have said, was his payment to her of the $2,200. The bill alleges that he paid to her $500 when the conveyance was executed. In addition to this, however, he alleges that he paid to her at such time an additional sum of $3,000, though not alleging that it was paid upon the consideration of the conveyance, or that it had any connection with it.

The conveyance makes no reference to the payment of the $3,000 at the time of its execution, although it was much larger than the sum of $500, which, by the term of the conveyance, was to be paid at the signing of it. From which fact, we think, it may be assumed, in the absence of any allegations to the contrary, that said sum passed from him to her, if it passed at all, in connection with other dealings between them. If he at the time paid, in addition to the $500, the sum of $3,000, which was more than he was required to pay in all by the provisions of the agreement, it is inconceivable that such fact should have been ignored in the draft-

ing and execution of the conveyance, and a consideration inserted therein altogether different therefrom.

The bill likewise alleges that, after the execution of the conveyance, and before the entry of the judgment, the appellant from time to time paid to Mrs. Frank in the aggregate the further sum of $1,500, but this allegation, like the one we have just referred to, fails to state that it was paid as part of the consideration that he was to pay her for the property under the agreement.

The conveyance shows that, at the time of the execution, only $500 was paid by the appellant. As we have said, Mrs. Frank was authorized to further encumber the property, and this she did by the confession of the judgment to Messrs. Costigan and Talbott for the sum of $1,800, and as the amount of the judgment did not exceed the amount to which she was authorized to increase the encumbrance upon the property, and as the appellant was to assume all authorized encumbrances placed by her upon the property, the judgment so confessed in favor of Messrs. Costigan and Talbott was an encumbrance, within the meaning of the agreement, authorized to be placed upon the property by her, which was to be assumed by the appellant if he by the performance of the other conditions ever became the owner of the property.

To discuss the other questions raised by the appellant would, we think, prolong this opinion without serving any useful purpose, and, therefore, as we agree with the learned court below in the conclusion reached by him, the order appealed from will be affirmed.

*Order affirmed, with costs.*