■ ISABEL E. ZIZZI, Appellant, v. JOSEPH S. ZIZZI, Respondent.— STALEY, JR., J. Appeal from an order of the Supreme Court at Special Term, entered June 20, 1968 in Schenectady County, which denied a motion to dismiss the affirmative defense of *res judicata* contained in defendant's answer. In this action brought for an absolute divorce, plaintiff asserted a cause of action for divorce on the ground of adultery, and a second cause of action for divorce on the ground of abandonment. In his answer to the cause of action grounded on abandonment, defendant asserted a defense of *res judicata* predicated upon the findings of fact, decision and judgment in a prior action for separation brought by plaintiff in 1964. Plaintiff contends that the separation action in 1964 was brought on the ground of cruel and inhuman treatment; that the issue of abandonment was, therefore, not litigated and that the defense of *res judicata* is, therefore, not available to defendant. Defendant contends that in the 1964 action plaintiff sought an award of alimony and that alimony

was denied to plaintff upon the specific finding of fact that "the refusal of the plaintiff without justifiable reason to cohabit with defendant as his wife was tantamount to abandonment." A judgment in a prior action between the same parties operates as an estoppel in a subsequent action between the same parties as to all the material and relevant facts which were litigated and decided and which were necessary to the determination of the issues in the prior action. (*Telaro* v. *Telaro*, 25 N Y 2d 433; *Rudd* v. *Cornell*, 171 N. Y. 114, 128; *Griffen* v. *Keese*, 187 N. Y. 454.) A judgment "is final as to every fact litigated and decided therein, having such a relation to the issue that its determination was necessary to the determination of the issue. Whenever the same question arises between the parties, in whatever form of action, and whether involved directly or collaterally, they are forever precluded from averring and proving the fact to be otherwise." (*House* v. *Lockwood*, 137 N. Y. 259, 268.) Findings of fact and conclusions of law made in a prior action are within the doctrine of *res judicata* providing they are relevant and material to the issues determined in the prior action, and a judgment has been entered thereon. (*Pinkus* v. *Pinkus*, 230 App. Div. 791.) A finding of fact, although not embodied in the formal decision of the court, is "nevertheless a part of, and enters into, the judgment", and the parties have the right to rely upon it. (*Hamlin* v. *Hamlin*, 192 N. Y. 164, 168.) In plaintiff's prior action she sought an award of alimony and, since section 236 of the Domestic Relations Law permitted an award of alimony even though her asserted cause of action was dismissed unless the proof established that her wrongdoing constituted such misconduct as "would itself constitute grounds for separation or divorce". Abandonment constitutes a ground for separation. (Domestic Relations Law, § 200.) The court's finding in the prior action that plaintiff's conduct was tantamount to abandonment being material, relevant, and necessary to its determination and decision not to award alimony to plaintiff, she is now precluded from averring and proving the facts to be otherwise (*House* v. *Lockwood, supra*) and defendant is entitled to assert the defense of *res judicata*. (*Hamlin* v. *Hamlin, supra*.) Order affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.