## HALL v. HALL.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

DIVORCE (§ 82*)—ANOTHER ACTION PENDING—IDENTITY OF CAUSE.

The pendency of an action for a separation on the ground of abandonment and nonsupport is no defense to an action for an absolute divorce; the two actions being based on different grounds for different relief.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 268; Dec. Dig. § 82.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action for a divorce by Emma L. Hall against Augustus H. Hall. From an order overruling a demurrer to a defense, plaintiff appeals. Reversed, and demurrer sustained.

See, also, 134 N. Y. Supp. 1134.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Theron L. Carman, of New York City, for appellant.

Chas. Coleman Miller, of New York City, for respondent.

MILLER, J. This is an action for an absolute divorce. The defense demurred to for insufficiency is the pendency of another action between the same parties for separation on the ground of abandonment and nonsupport. It is not even alleged that the action for separation was pending when this action was brought. But even if it were, it would not constitute a bar. The two actions are brought on different grounds for different relief. Even a judgment in the separation action would not bar an action for absolute divorce. The learned justice at Special Term denied the motion on the authority of Conrad v. Conrad, 124 App. Div. 780, 109 N. Y. Supp. 387, in which it was held that it was not proper to unite in the same complaint a cause of action for absolute divorce and one for separation on the ground of abandonment —a proposition entirely different from the one involved on this motion.

The order should be reversed, with $10 costs and disbursements, and the demurrer sustained, with $10 costs. All concur.