■ ALICE C. QUAID, Respondent, v. GEORGE R. QUAID, JR., Appellant.— In an action for a separation, the appeal is from an order denying appellant's motion to vacate a judgment entered after inquest upon his default in pleading and to permit him to serve an answer. Order reversed, without costs, and motion granted, without costs, with leave to appellant to serve an answer within 10 days after the entry of the order hereon. Appellant claimed that the default in pleading occurred despite instructions to his attorney to defend the action. Even in cases of defaults which are not inadvertent, courts are reluctant to enforce defaults in pleading in matrimonial actions. (*Vanderhorst* v. *Vanderhorst*, 282 App. Div. 312.) Ughetta, Hallinan and Kleinfeld, JJ., concur; Wenzel, Acting P. J., and Beldock, J., dissent and vote to affirm, with the following memorandum: While it has been the policy of our courts to be liberal in the opening of a default in a matrimonial action, there must, in fairness to both parties, be some limitation to such policy. A default, even in such an action, should not be opened where there is a lack of merit. The judgment here was entered in June of 1955. Thereafter, though appellant was twice adjudged in contempt, no application to relieve him of his default was made until February 28, 1956. Appellant knew of the judgment against him and did nothing until he had exhausted every means of avoidance in the matter of alimony payments and had finally been incarcerated for nonpayment. Under the circumstances, the denial by Special Term of the motion to vacate the judgment entered on default was not an abuse of discretion.