■ JOHN GIANCONE, an Infant, by His Guardian ad Litem, LOUISE GIANCONE, et al., Appellants, v. CITY OF NEW YORK, Respondent.— Order entered August 3, 1967, granting defendant's motion to dismiss the plaintiffs' cause of action for lack of prosecution, unanimously reversed, on the law, and the facts and in the exercise of discretion, with $30 costs and disbursements to appellants, and motion denied. The situation presented is now within the purview of CPLR 3216, and a note of issue having been filed, the only delay which can be considered is that occurring after such filing. As was currently said by this court, "The instant circumstances, judged in the light of legislative policy since the original enactment of CPLR 3216, do not in our opinion warrant the requested dismissal". (*Mandell* v. *Continental Ins. Co.,* 29 A D 2d 742.) Concur — Steuer, J. P., Capozzoli, McGivern, McNally and Bastow, JJ.

■ IRVING STAUB, as Natural Guardian and Father of the Infant ERIK STAUB, Respondent, v. CITY OF NEW YORK et al., Appellants.— Order entered on or about September 30, 1966, unanimously reversed, on the law and on the facts, without costs or disbursements and the motion denied. It was an improvident exercise of discretion to grant the application of the infant to file a notice of claim some 11 months after the cause of action accrued. (General Municipal Law, § 50-e). The infant was 17 years of age and relief was sought primarily on the familiar allegation that neither he nor his father knew of the necessity for filing a claim within the statutory period of 90 days. There has been a complete failure to show a cognizable relation between the fact of infancy and the failure to file a claim within the statutory time limitation. (*Schnee* v. *City of New York,* 285 App. Div. 1130, affd. 1 N Y 2d 697.) Concur — Stevens, J. P., Steuer, Tilzer, Rabin and Bastow, JJ.

■ In the Matter of ELSA EDLITZ, Respondent, v. CATHERINE (CARLSON) MUMMERT, Appellant.— Order of the Family Court, entered July 29, 1967, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs or disbursements to either party, and the matter is remanded to the Family Court for a hearing. In view of the allegation of changed circumstances, in the proper exercise of discretion, a hearing should have been had. Concur — Stevens, J. P., Steuer, Tilzer, Rabin and Bastow, JJ.