■ GERMAINE FOISY et al., Appellants, v. PENN ALUMINUM INC., Respondent, et al., Defendant.— Order unanimously reversed and motion denied, without costs. Memorandum: Special Term granted defendant's motion to dismiss plaintiffs' complaint for failure to prosecute, pursuant to CPLR 3216. Respondent admits that a note of issue was filed just prior to or simultaneous with the making of the motion to dismiss. Under these circumstances the only delay which Special Term could consider was that which occurred since the date of the filing of the note of issue (*Giancone* v. *City of N. Y.*, 29 A D 2d 756). As we held in *Williams* v. *Baker* (29 A D 2d 915) the facts here presented require a denial of the motion to dismiss. (Appeal from order of Onondaga Special Term dismissing complaint.) Present — Bastow, P. J., Goldman, Del Vecchio, Marsh and Henry, JJ.

■ MABEL A. CROSSETT, as Administratrix of the Estate of LOUIE F. CROSSETT, Deceased, Appellant, v. MARY E. NATALI et al., Respondents.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The judgment should be reversed because the verdicts are against the weight of the evidence and also because of errors in the trial court's instruction to the jury and in receiving evidence. The court erred in charging that there was sufficient evidence for the jury to find that the impact between the vehicles lacked enough force to cause the plaintiff's vehicle to leave the highway and to find that the collision was not the proximate cause thereof. The question of the sufficiency of the evidence should have been left for the jury's determination. There being no proof that defendant's automobile went off the pavement onto the shoulder of the highway the trial court erroneously received evidence over plaintiff's objection respecting a ridge at the edge of the pavement and its effect on control of an automobile passing over it. (Appeal from amended judgment, and from order, of Jefferson Trial Term dismissing complaint; order denied motion for a new trial.) Present — Bastow, P. J., Goldman, Del Vecchio, Marsh and Henry, JJ.

■ SEARS OIL COMPANY, INC., Appellant, v. MARY NATALI et al., Respondents.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. (Same Memorandum as in *Crossett* v. *Natali*, 31 A D 2d 783, decided concurrently herewith.) (Appeal from amended judgment, and from order, of Jefferson Trial Term dismissing complaint; order denied motion for a new trial.) Present — Bastow, P. J., Goldman, Del Vecchio, Marsh and Henry, JJ.

■ In the Matter of LEONARD W. PFEIFFER, Appellant, v. ONONDAGA COUNTY LEGISLATURE et al., Respondents.— Appeals transferred to Appellate Division, Third Department, pursuant to New York Constitution (art. VI, § 4, subd. [i]). (Order entered Jan. 10, 1969.) (Appeals from parts of judgment and from order of Onondaga Special Term allowing petitioner to seek transfer of position, and denying reargument.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.