■ COGEN PROPERTIES LTD., Respondent, v. EDWARD T. GRIFFIN, JR., et al., Appellants.— Appeal from an order of Special Term, entered May 14, 1973 in Sullivan County, which denied a motion by the defendants for summary judgment. The plaintiff commenced an action to foreclose a mechanic's lien or alternatively for damages for breach of contract relating to the construction of a house on certain land owned by the defendants (husband and wife) in Sullivan County. The record demonstrates that the defendants are infants and that no guardian ad litem has been appointed and no appearance by a person specified in CPLR 1201 has been made. The defendants correctly contend upon this appeal that the affirmation by the attorneys for plaintiff is insufficient to avoid the defense of infancy as based upon the factual elements required by subdivision 3 of section 3–101 of the General Obligations Law. However, the absence of a proper person representing the interest of the infant defendants —which issue was not raised before Special Term—renders the motion for summary judgment premature and, accordingly, summary judgment must be denied without prejudice to a renewal of the motion upon perfection of appearance. (See CPLR 309.) Order reversed, on the law, without costs, and motions denied without prejudice to a renewal thereof upon a proper appearance on behalf of the defendants pursuant to CPLR 1201. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Reynolds, JJ., concur.

## (September 19, 1973)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES F. SHINE, Petitioner, v. HAROLD F. KNAPP, as Sheriff of Otsego County, New York, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied on the ground that the papers submitted fail to establish that petitioner was improperly held for action of the Grand Jury following the preliminary hearing (CPL 180.70, subd. 1). The bail fixed does not appear to be excessive. In addition, the court notes that the same contentions were made in prior applications for habeas corpus relief which were denied by both the Supreme Court and County Court (see CPLR 7003, subd. [b]). Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Reynolds, JJ., concur.