Harold J. Hughes, J.
This is a motion by plaintiff to strike defendants’ affirmative defense of infancy. Defendants have cross-moved for summary judgment.
Defendants Edward Griffin, Jr., and Agnes Griffin, husband and wife, are the owners of a building lot in the Town of Mamakating, Sullivan County. On September 14, 1972, plaintiff and the defendant Edward Griffin, Jr., entered into a written agreement for the building of a house on defendants’ lot. In accordance with the agreement, Mr. Griffin paid plaintiff a $1,000 down payment. Subsequent to the signing of the contract, Mr. Griffin decided to disaffirm the contract on the ground that both he and his wife were infants at the time the contract was signed.
Thereafter, plaintiff commenced an action in Supreme Court, Sullivan County, against Edward Griffin, Jr., and Agnes Griffin to foreclose a mechanic’s lien in the amount of $19,000 which it had filed on the premises. Defendants asserted the affirmative defense of infancy and also counterclaimed to recover the $1,000 down payment and an additional $1,000 for willful exaggeration of the lien.
Defendants moved for summary judgment, which motion was denied by Special Term. Upon appeal, the Appellate Division reversed on the sole ground that there was an absence of a proper person representing the interests of the infant defendants, an issue not raised before Special Term (Cogen Props. v. Griffin, 42 A D 2d 915). The court denied the motion without prejudice to a renewal thereof upon a proper appearance on behalf of the defendants.
Plaintiff commenced a second action against the present defendants and in its first cause of action seeks the same relief as in the original action. Plaintiff also asserts a second cause of action for breach of contract and a third cause of action for the establishment of an equitable lien on the premises.
Defendants have interposed a first affirmative defense that there is a prior action pending. They have also asserted a second affirmative defense of infancy and by way of counterclaim seek to recover their $1,000 down payment and $15,000 for willful exaggeration of lien.
Assuming, arguendo, that the prior action between the parties is still pending and was not a nullity because of a jurisdictional defect, this court need not dismiss the present action but may make such order as justice requires (CPLR 3211, subd. [a], par, 4). Since all the parties are properly before the court in *938 the present action and have asserted their claims herein, the court will order that the prior action be discontinued.
Proceeding to the merits of plaintiff’s motion to strike the second affirmative defense, the court concludes that the infant defendants are precluded from disaffirming their contract because of subdivision 3 of section 3-101 of the General Obligations Law. The second affirmative defense must, therefore, be stricken.
It is clear that under subdivision 3 of section 3-101, a husband and wife may not disaffirm, because of minority, a contract to purchase real property which they intend to occupy as a home. Thus, the statute envisions that married infants shall have the power to contract to purchase a residence and will not be able to avoid the contract because of infancy. In the present case, the infants did not contract to purchase a house but to construct a house on their land. It is the court’s opinion that the latter transaction falls within the scope of the statute. To distinguish the two transactions would be both unreasonable and contrary to the obvious purpose of the section.
The court notes that the statute applies only to real property which a husband and wife occupy or affirm they are about to occupy as a home. There is no specified form that this affirmance must take. The court finds from the uncontroverted assertion in the affidavit of Mr. Shildkret, plaintiff’s secretary, that the infant defendants informed plaintiff that they intended to occupy the premises as a home and that the factual elements required by subdivision 3 of section 3-101 have been adequately set forth.
With respect to defendants’ cross motion, the court finds there are factual issues requiring a trial.
The plaintiff’s motion to strike defendants’ affirmative defenses is granted, and defendants ’ cross motion for summary judgment is denied, all without costs.