■ MARY IOVINO, Respondent, v PAUL IOVINO, Appellant.—In a matri-monial action in which plaintiff wife was granted a judgment of divorce upon the default of defendant husband, defendant appeals from an order of the Supreme Court, Nassau County, entered May 9, 1979, which denied his motion to vacate the default. Order reversed, without costs or disburse-ments, and matter remitted to Special Term for a hearing and a new determination in accordance herewith. This matrimonial action was com-menced by service of a summons with notice upon defendant on May 5, 1975. A note of issue was not filed until April 29, 1977, and subsequent to this, plaintiff was granted a default judgment on June 10, 1977. There was a substantial factual question at Special Term as to whether the parties had resumed living together subsequent to the commencement of the action, but prior to the service of the judgment upon the defendant. If the answer to this question is in the affirmative, it would indicate that plaintiff had consciously abandoned the action, so that the default judgment would be rendered a nullity. In addition, defendant has moved to vacate the default on the ground of mistake. This State has a liberal policy as to vacatur of defaults in matrimonial actions (see *Quaid v Quaid,* 2 AD2d 768; *Kerr v Kerr,* 6 AD2d 807), although we note that defendant's claim of mistake is

somewhat extenuated by evidence that he had been making alimony and child support payments until he made the motion to vacate, and that he acknowledged the validity of the judgment as a predicate for the parties' "final settlement" with respect to marital property. In light of these considerations, if it is found that the plaintiff did not abandon the action, a hearing as to these factual issues is required. Hopkins, J. P., Rabin, O'Connor and Weinstein, JJ., concur.