■ HYNDA GELLMAN, Appellant, v STUART GELLMAN, Respondent. — Order unanimously affirmed, with costs. Memorandum: The issue presented on this appeal is whether plaintiff should be granted leave to amend her complaint to demand a judgment of separation in lieu of its demand for a judgment of divorce. Special Term denied her motion for such relief (CPLR 3025, subd [b]), and we affirm. Plaintiff commenced this action for divorce in February, 1979. Issue was joined by a pleading in which defendant also counterclaimed for divorce. Although a preference was granted in January, 1980, protracted discovery proceedings delayed commencement of the trial. Section 236 of the Domestic Relations Law, as amended (L 1980, ch 281, § 9), became effective on July 19, 1980. The legislation is intended to achieve "sexual equality" in the consequences of matrimonial actions, but only part B of section 236, as amended, provides for the equitable distribution of "marital property", as that term is statutorily defined (Domestic Relations Law, § 236, part B, subd 1, par c). The parties agree that should plaintiff succeed in her divorce action as now pleaded, and should defendant fail in his counterclaim, plaintiff's rights to support, maintenance and property distribution will be determined in accordance with part A of the statute. On the assumption that a future conversion divorce action would be governed by part B, plaintiff seeks to amend her complaint for the acknowledged purpose of availing herself of its provisions. Obviously, she perceives benefits which may only be achieved to the detriment of defendant. Defendant opposed the motion on the basis of prejudice he perceives will be suffered by virtue of his greater exposure to adverse economic consequences if the amendment is permitted. The opening paragraph of amended section 236 states: "Except as otherwise expressly provided in this section, the provisions of part A shall be controlling with respect to any action or proceeding commenced prior to the date on which the provisions of this section as amended become effective and the provisions of part B shall be controlling with respect to any action or proceeding commenced on or after such effective date. Any reference to this section or the provisions hereof in any action, proceeding, judgment, order, rule or agreement shall be deemed and construed to refer to either the provisions of part A or part B respectively and exclusively, determined as provided in this paragraph any inconsistent provision of law notwithstanding." The language employed constitutes a clear expression of legislative intent that actions commenced before July 19, 1980 are governed by the provisions of part A. While we recognize that leave to amend pleadings should be freely granted (CPLR 3025, subd [b]; *Fahey v County of Ontario,* 44 NY2d 934), we are not at liberty to circumvent the unequivocal command of a statute (Domestic Relations Law, § 236) which, unlike CPLR 3025 (subd [b]), is specifically addressed only to matrimonial actions. This is especially true where the only purpose of the

amendment is to achieve that circumvention and thus impermissibly to negate the unambiguous language of a statute (see *Matter of Industrial Comr. of State of N.Y. v Five Corners Tavern,* 47 NY2d 639, 646-647; cf. *Matter of Albano v Kirby,* 36 NY2d 526, 530). "The courts should not do by indirection what the Legislature has refused to do directly" *(Mercier v Mercier,* 103 Misc 2d 1029, 1034; *Goding v Goding,* 106 Misc 2d 423, 427; cf. *Katz v Austin,* 271 App Div 217, 218). Thus viewed, it is unnecessary to address other issues raised on this appeal. (Appeal from order of Erie Supreme Court — amend complaint.) Present — Dillon, P.J., Hancock, Jr., Doerr, Denman and Moule, JJ.