■ Addison Phelps, Appellant, v Mae Phelps, Respondent. Mae Phelps, Respondent, v Addison Phelps, Appellant. — Order modified in accordance with memorandum and, as modified, affirmed, without costs. All concur, Cardamone, J. P., not participating. Memorandum: Two days prior to the effective date of the Equitable Distribution Law (Domestic Relations Law, § 236), Addison Phelps commenced an action for divorce by service of a summons on his wife, Mae Phelps. On July 19, 1980, the effective date of the amendment to section 236 of the Domestic Relations Law, Mae Phelps commenced an action for divorce by service of a summons on her husband, Addison Phelps. Complaints were demanded and promptly served. Both complaints allege cruel and inhuman treatment. In his complaint Addison Phelps requests

a judgment "Dissolving the bonds of matrimony existing between the Plaintiff and Defendant herein, in accordance with the procedural and statutory laws existing on July 17, 1980, the date of service and commencement of this action." In her complaint, Mae Phelps requests a judgment dissolving the marriage between the parties and "Directing the equitable distribution of the marital property". The complaint of Mae Phelps was served three days before that of her husband. Upon receipt of his wife's complaint, Addison Phelps moved, pursuant to CPLR 3211 (subd [a], par 4) to dismiss it on the grounds that another action is pending between the parties for the same cause of action, or, in the alternative, for an order consolidating the two actions pursuant to CPLR 602 (subd [a]) on the ground that a common question of law and fact is involved. Mae Phelps cross-moved for identical relief. Special Term denied the motion of Addison and granted the cross motion of Mae, dismissing Addison's complaint on the theory that Mae's complaint was served first, thus entitling her to the relief requested. This was error. In the context of this case, it is irrelevant which complaint was served first. Obviously the court was required to have both complaints in order to determine if in fact the two actions were between the same parties on the same cause. It was an abuse of discretion to dismiss the complaint of one of the parties, thereby jurisdictionally depriving him of the relief he sought by commencement of his action. The traditional purpose of a motion under CPLR 3211 (subd [a], par 4) is to prevent a person from being harassed and annoyed by unnecessary actions seeking the same, or substantially the same, relief and growing out of the same subject matter. If the relief demanded in the two actions is antagonistic and inconsistent, the purposes of the actions are entirely different and the requirement of "the same cause of action" has not been met (National Fire Ins. Co. of Hartford v Hughes, 189 NY 84). Unless complete relief can be afforded to the parties in the prior action, the two actions may not be construed as the "same action" necessary to sustain a motion for dismissal. Because of the intervention of the Equitable Distribution Law, the court is without jurisdiction to afford the parties the opportunity to obtain the relief each seeks in a single surviving action. While the causes of action in both suits arise out of the same subject matter or series of alleged wrongs, there is a good reason why the two actions should retain their own identity, since the nature of the relief sought is not the same or substantially the same (see Kent Dev. Co. v Liccione, 37 NY2d 899, 901; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:15, p 21). The two actions should be tried jointly. Should Addison Phelps be successful in his action, his property will not be subject to equitable distribution since his lawsuit was instituted before the Equitable Distribution Law became effective. (Appeal from order of Wayne Supreme Court, De Pasquale, J. — dismiss complaint — divorce.) Present — Cardamone, J. P., Callahan, Doerr, Denman and Schnepp, JJ.