■ FERN D. DUNN, Appellant, v JOHN J. DUNN, Respondent. (Appeal No. 1.) — Order unanimously reversed, without costs, motion denied and action commenced January, 1976 dismissed. Memorandum: Plaintiff appeals from orders which denied her motion to vacate a note of issue filed in a 1979 separation action, and granted defendant's motion to dismiss a 1980 divorce action. In January, 1976 plaintiff commenced a divorce action based on cruel and inhuman treatment which she alleged occurred during 1974 and 1975. After defendant interposed his answer the action lay in a state of repose; no further proceeding was ever conducted, nor was any order entered granting any form of relief. Plaintiff, who claims that the parties reconciled shortly after defendant filed his answer, never sought its discontinuance (see CPLR 3217) and defendant never moved for dismissal for want of prosecution (see CPLR

3216). In April, 1979 plaintiff commenced an action for separation which was later amended to include a cause of action to impose a constructive trust upon the assets of defendant's business. Defendant's answer alleged that the 1976 action was pending and contained a counterclaim for divorce on the ground of cruel and inhuman treatment. In March, 1980 plaintiff was permitted disclosure under a protective order which granted her leave to seek production of certain business records following the oral examination of defendant. Plaintiff renewed her request for production in August, 1980 and a second protective order was granted which reiterated the terms of the earlier order. An examination of defendant was finally conducted on November 5, 1980. On January 27, 1981 defendant filed a statement of readiness and note of issue with the court but, in violation of CPLR 3402, did not serve plaintiff with the notice until two weeks later. Plaintiff's motion to vacate the note of issue was denied. Meanwhile on December 2, 1980, after the effective date of the Equitable Distribution Law (Domestic Relations Law, § 236), plaintiff also commenced a divorce action based on abandonment and cruel and inhuman treatment which is alleged to have occurred after 1975. Special Term granted defendant's motion to dismiss the action on the ground that there were other actions pending between the parties (CPLR 3211, subd [a], par 4), finding that "[r]egardless of the status of the action commenced in 1976, defendant's answer to plaintiff's 1979 action for separation effectively commences a divorce action and is still viable." The motion to vacate the note of issue was properly denied. Plaintiff had ample opportunity to complete her pretrial proceedings prior to the filing of the note of issue (*Baranyk v Baranyk*, 73 AD2d 1004; *Marzello v Kiamesha Concord*, 26 AD2d 986). Further, the court was within its discretion in disregarding the error in the service and filing of the note of issue (see CPLR 2001). The order dismissing plaintiff's 1980 divorce action, however, should be reversed. Defendant's 1979 counterclaim for divorce does not precluded plaintiff from pursuing her own divorce action. We have recently held that a wife may institute an action for divorce after the effective date of the Equitable Distribution Law, although her husband commenced a divorce action prior to the effective date which is still pending (*Phelps v Phelps*, 84 AD2d 911). Nor is the 1980 action subject to dismissal because of the pendency of the 1979 separation action. The pendency of a separation action does not bar an action for divorce (*Hall v Hall*, 150 App Div 688). The real issue in this case is the effect of the 1976 divorce action. The 1980 divorce action is based upon acts which occurred subsequent to the 1976 action. It could be held, therefore, that the 1980 action is not based upon the same actionable wrongs as the 1976 action and is not subject to dismissal (see *Cordier v Cordier*, 26 How Prac 187; see, also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:15, p 21). More importantly though, the court has the authority, when a motion to dismiss has been made pursuant to CPLR 3211 (subd [a], par 4), to "make such order as justice requires". This broad power has been interpreted as authorizing a court to dismiss a pending action provided the parties are the same and all received notice of the motion (see *Zizzi v Zizzi*, 69 Misc 2d 977, affd 33 AD2d 926; see, also, *Cogen Props. v Griffin*, 78 Misc 2d 936, revd on other grounds 42 AD2d 915; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:18, p 24). Defendant claims that plaintiff's only reason for seeking an order dismissing her 1976 action is to circumvent the intent of the Legislature by commencing a new action after the effective date of the Equitable Distribution Law (see *Valladares v Valladares*, 80 AD2d 244; *Gellman v Gellman*, 80 AD2d 735). The facts, however, establish that neither party treated the 1976 divorce action as viable for nearly three and one-half years after its commencement, and that the 1980

divorce action was not based upon the same actionable wrongs that were alleged in the 1976 complaint. Given these facts, it is clear that plaintiff's 1980 action was not instituted to circumvent the Equitable Distribution Law. In answer to defendant's motion she seeks dismissal of an action that has been otherwise abandoned by the parties. No order was ever entered in the 1976 action; a dismissal of that action will prejudice defendant in no way. We, therefore, direct the dismissal of the 1976 action pursuant to our authority to "make such order as justice requires" (CPLR 3211, subd [a], par 4; see, also, CPLR 3216, subd [a]). Either party may, if so advised, move for a joint trial of the remaining matrimonial actions. (Appeal from order of Supreme Court, Oneida County, Ingelhart, J. — dismiss action.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.