OPINION OF THE COURT
Russell R. Leggett, J.
The plaintiff and the defendant were married on or about May 19, 1962 in the Village of Spring Valley, Town of Ramapo, County of Rockland and State of New York. There are two issue of the marriage, to wit: Matthew, age 19, born September 26, 1963 and John, age 14, born September 16, 1968. In late 1975 or early 1976 the plaintiff (wife) instituted action number 1 seeking a separation based upon alleged cruel and inhuman treatment based upon abandonment, and further based upon the defendant's alleged adultery. It was agreed that the defendant would not interpose an answer in the action and that after a formal separation agreement was entered into, the plaintiff could proceed to inquest (to obtain a separation). The stipulation provided that the defendant would pay to the plaintiff the sum of $225 per week, which would constitute alimony and child support. The defendant has completely lived up to, and complied with the stipulation, and has paid all moneys for alimony and child support. The defendant alleges that it was his understanding that the plaintiff was going to obtain an uncontested divorce.
*592 However, the plaintiff (wife) has commenced an action for divorce on October 30, 1982 which if successful, might entitle her to the benefits of the equitable distribution statute. The defendant (husband) submits that the court should not be used “as a vehicle to thwart the obvious intention of the parties when they entered into the Stipulation in 1976.”
Since the defendant (husband) now relies on the prior stipulations in attempt to defeat the plaintiff’s present action, it is most appropriate that the terms of said stipulation be closely examined by this court so as to determine the actual facts and intent of the parties at the time the stipulation was entered into. An examination of the stipulation reveals as follows:
Paragraph 1 of the stipulation clearly indicates that “in consideration of and contingent on compliance with all the terms of this Stipulation by both parties thereto, the plaintiff will adjourn without date the matrimonial motion for Temporary Alimony, Child Support and Counsel Fees” (emphasis supplied).
Paragraph 2 of the stipulation states, inter alia, that “the defendant will, commencing with Friday, February 27, 1976 and during the remaining pendency of the outstanding action andlor until a final and complete separation agreement is entered into and properly executed by the parties, pay to the plaintiff the amount of $225.00 per week” (emphasis supplied).
Paragraph 4 of the stipulation states: “That it is contemplated that this action may proceed to Inquest following the execution of a more formal and complete separation agreement herein and that all due dispatch will be taken to complete the requisites of said agreement and accomplish that result.” (Emphasis supplied.) Clearly, the language of paragraph 4, as set forth above, is unequivocal and indicates that the settlement of the separation action was unresolved and, in addition, that a “more formal and complete separation agreement” was to have been negotiated with “all due dispatch”. The stipulation entered into between the parties pertained solely to pendente lite relief.
The defendant (husband) claims he has lived up to the terms of the stipulation, but the plaintiff (wife) disputes *593 that claim. Further, the plaintiff alleges that every effort was put forth to complete a formal separation agreement with the defendant, but to no avail.
Further, the court order executed by Justice William Walsh on June 10, 1976 which enforces the stipulation clearly indicates that the relief provided for in the stipulation was a temporary one. It uses such words as “pendente lite, pending the hearing and final determination of this action”, “temporary,” and “in this action, if it is not contested and proceeds to judgment by inquest” (emphasis supplied).
Therefore, the parties are still married and, as such, the plaintiff has the right to commence an absolute action for divorce, provided she states a cause of action. Although the defendant (husband) undertook to make certain payments in the past pursuant to said stipulation, this did not relieve or alter his legal obligations to his wife and his children. The plaintiff’s present action on the grounds of the defendant’s abandonment of his wife and children is not barred by the passage of time and remains a viable and proper one. The plaintiff is not collaterally estopped, or precluded by the alleged laches, or alleged Statute of Limitations.
Actually, the documentary evidence produced substantiates the plaintiff’s contention with regard to said stipulation. It is to be noted that the prior action for separation has long since been rendered moot. (Cf. Wheelock v Wheelock, 3 AD2d 25, affd 4 NY2d 706.) Therefore, the defendant’s application for leave to interpose an answer and a counterclaim for divorce in action number 1 and to stay action number 2 pending the final determination and outcome of action number 1 is denied. The defendant chose to default on the prior separation action.
Accordingly, the defendant’s application to dismiss the complaint in action number 2 for the various reasons indicated is hereby denied.
Further, the defendant’s request for a joint trial or consolidation of the two actions is likewise denied. Presently there exists only one action, i.e., for absolute divorce, and as such, there is nothing to make joint or to consolidate.
*594 Since 1975 the plaintiff has been a working mother. She is presently working two jobs so as to provide for the necessary needs of her two children and herself. The oldest son, Matthew, is presently attending college. The plaintiff alleges that the defendant (husband) makes in the neighborhood of $100,000 a year, which the defendant categorically denies and states that he earns half of that. The plaintiff earns as a nurse a gross salary per year in excess of $12,000. Accordingly, the plaintiff (wife) is awarded $500 as and for interim counsel fees with leave to apply to the trial court for an additional allowance. Said payment is to be paid in two installments: $250 within 30 days after service of a copy of this order, with notice of entry thereof, upon the defendant’s attorney and $250 within 60 days after service as indicated above.