■ HELEN L. MCKEAN, Respondent, v ALBERT W. MCKEAN, Appellant. (Action No. 1.) HELEN L. MCKEAN, Respondent, v ALBERT W. MCKEAN, Appellant. (Action No. 2.) — In actions for separation and divorce, respectively, defendant husband appeals from an order of the Supreme Court, Rockland County (Leggett, J.), dated March 25, 1982, which (1) denied defendant's motion for an order dismissing action No. 2, or, in the alternative, permitting him to interpose an answer and counterclaim for divorce in action No. 1 and staying action No. 2, or, in the alternative, ordering a joint trial or consolidation of the two actions, and (2) granted plaintiff wife's cross motion for counsel fees. ¶ Order modified by deleting the provision which granted plaintiff's cross motion and awarded her interim counsel fees of $500. As so

modified, order affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith. ¶ Special Term correctly held that action No. 1 for a separation was abandoned by the parties. A formal separation agreement, which the parties stated that they intended to enter into, was never executed. Defendant took no action to compel plaintiff to move forward; he never moved to dismiss for want of prosecution. Defendant did not even attempt to ascertain the status of the action until almost seven years after the parties entered into an interim stipulation for *pendente lite* relief. These factors indicate that action No. 1 was abandoned by both parties (see *Broder v Broder,* 91 AD2d 302, 304, affd 59 NY2d 858; *Battaglia v Battaglia,* 59 NY2d 778; *Dunn v Dunn,* 86 AD2d 772, app dsmd 56 NY2d 591). Since the action was abandoned it is too late for defendant to interpose an answer and counterclaim in that action. Similarly, there is no reason to stay action No. 2 for divorce pending determination of action No. 1, especially in light of the fact that action No. 1 was an action for separation. Even if a separation had been granted in action No. 1, a subsequent action for divorce would have been proper (*Dunn v Dunn, supra; Hall v Hall,* 150 App Div 688). Furthermore, since the action for separation was abandoned, there was nothing to consolidate with the action for divorce. ¶ However, Special Term should not have considered the merits of plaintiff's application for counsel fees without the submission of an affidavit from her attorney, as required by subdivision (b) of section 699.11 of the rules of this court (22 NYCRR 699.11 [b]). Accordingly, the matter is remitted to Special Term for a new determination on this issue after the filing of the appropriate affidavit (*Stewart v Stewart,* 96 AD2d 939; *Patell v Patell,* 91 AD2d 1028; *Lewin v Lewin,* 91 AD2d 649; *Steinman v Steinman,* 87 AD2d 649). Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur. [119 Misc 2d 591.]