■ WILLIAM THOMPSON, Appellant, v JUANITA THOMPSON, Respondent. — In a matrimonial action, plaintiff husband appeals from an order of the Supreme Court, Kings County (Duberstein, J.), dated September 13, 1982, which granted that branch of defendant wife's motion which sought an order dismissing, as abandoned, a divorce action commenced by plaintiff in 1972. ¶ Order reversed, without costs or disbursements, that branch of defendant's motion which sought to dismiss the divorce action commenced by plaintiff in 1972 denied, that branch of defendant wife's motion which sought to strike the action from the Trial Calendar and to direct plaintiff to appear for an examination before trial and to comply with the financial disclosure requirements of the Domestic Relations Law and the rules of this court granted, and defendant is permitted to amend her answer to the complaint to assert additional defenses, counterclaims, and demands for any ancillary relief authorized by part A of section 236 of the Domestic Relations Law. The examination before trial shall be held at a time and place to be set forth in a written notice of at least 10 days to be given by defendant, or at such time and place as the parties may agree. It shall be held within 30 days of service upon defendant of a copy of the order to be made hereon, with notice of entry. Plaintiff's time to comply with the financial disclosure requirements of the Domestic Relations Law and the rules of this court and to certify that he has done so in an application to restore the case to the Trial Calendar is extended until 60 days after completion of the examination before trial. ¶ In August, 1972, plaintiff commenced an action for a divorce in Kings County by the service of a summons upon defendant. Thereafter, plaintiff served a complaint in which he sought a conversion divorce based upon a separation agreement executed by the parties in August, 1962. Defendant, by her attorney, served a notice of appearance and, in January, 1973, an answer to the complaint upon plaintiff, and she appeared at an examination before trial conducted by plaintiff in July, 1972. Thereafter, no further action was taken on this matter by either party for a period of nearly nine years. In the interim, plaintiff, relying upon the erroneous advice of an attorney, instituted another action for divorce in New York County by the service of a summons upon defendant in or about July, 1981. The verified complaint in the second action was nearly identical to that in plaintiff's first action, inasmuch as it sought a conversion divorce based upon the 1962 separation agreement. Defendant served upon plaintiff a verified answer and counterclaim in this second divorce action, in

which she sought a divorce on the ground of cruel and inhuman treatment and demanded ancillary relief, including equitable distribution of the marital property, maintenance and counsel fees. Plaintiff took no further action with respect to the 1981 divorce action and returned to the attorney who had represented him in the dormant divorce action commenced in 1972. On or about March 5, 1982, plaintiff served upon defendant and filed a note of issue and certificate of readiness placing the 1972 action on the Trial Calendar. By order to show cause dated March 24, 1982, defendant moved for an order dismissing the 1972 action on the ground that it had been abandoned and discontinued by plaintiff or, in the alternative, for an order striking the case from the Trial Calendar and directing that plaintiff appear at an examination before trial and provide her with documents concerning his financial circumstances. Special Term granted the first branch of defendant's motion and dismissed the 1972 divorce action as abandoned. ¶ Under the unusual circumstances in this case, there is no legal basis for the dismissal of the divorce action instituted by plaintiff in 1972 on the grounds of either abandonment or discontinuance, notwithstanding plaintiff's inordinate delay in placing the case on the Trial Calendar and his commencement of a second divorce action during the interim period. There was absolutely no indication of any intent on plaintiff's part to abandon the 1972 action during the nine-year interval as evidenced by the fact that in early March, 1982, he filed a note of issue and certificate of readiness placing the case on the Trial Calendar. Defendant's motion, *inter alia,* to dismiss said action was not even made until after her attorney had been served with plaintiff's note of issue and certificate of readiness. On these facts, a finding of abandonment vis-à-vis the 1972 action is not only unwarranted but is also legally unsupportable. Nor could the 1972 action legitimately be deemed discontinued absent either a notice of discontinuance filed with the clerk of the court (CPLR 3217, subd [a], par 1), a written stipulation of discontinuance signed by the attorneys of record for all parties (CPLR 3217, subd [a], par 2) or a court order (CPLR 3217, subd [b]). The record reveals that plaintiff never sought a discontinuance of any sort. ¶ Special Term was prohibited from considering plaintiff's delay of nearly nine years in serving and filing a note of issue and certificate of readiness in determining whether to dismiss the action for want of prosecution under CPLR 3216 (subd [d]), which provides, in pertinent part, "[a]fter an action has been placed on the calendar by the service and filing of a note of issue, with or without any such demand * * * the action may not be dismissed by reason of any neglect, failure or delay in prosecution of the action prior to the said service and filing of such note of issue" (see, also, *Foisy v Penn Aluminum,* 31 AD2d 783; *Giancone v City of New York,* 29 AD2d 756). Prior to plaintiff's service and filing of the note of issue and certificate of readiness, defendant failed to serve upon him a written demand "to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand" which is required by CPLR 3216 (subd [b], par [3]), as a prerequisite for dismissal pursuant to that rule (see *Cohn v Borchard Affiliations,* 25 NY2d 237; *Fichera v City of New York,* 79 AD2d 597; *Martine v Griffiths,* 39 AD2d 553). She also did not exercise her option to bring a preanswer motion to dismiss the 1981 divorce action based upon the fact that "there is another action pending between the same parties for the same cause of action" (CPLR 3211, subd [a], par 4). In rendering a determination on such a motion, the courts are empowered to "make such order as justice requires", including an order dismissing an earlier action which has been abandoned by the parties or consolidating two similar actions (see *Dunn v Dunn,* 86 AD2d 772, app dsmd 56 NY2d 591). Finally, the self-executing provision of CPLR 3404, which authorizes the clerk of the court to dismiss an action for neglect to prosecute, is inapplicable at bar, as there is

no evidence that plaintiff's 1972 divorce action had ever been "marked 'off' or struck from the calendar or unanswered on a clerk's calendar call". ¶ We conclude, however, that Special Term should have granted that branch of defendant's motion which sought an order striking the case from the Trial Calendar pending plaintiff's compliance with certain discovery requests and financial disclosure requirements. Since defendant has been unfairly surprised by plaintiff's resumption of prosecution of his long-dormant divorce action and since the circumstances of the parties have probably changed since that action was commenced in 1972, plaintiff's attorney improperly certified in the certificate of readiness that there has been a reasonable opportunity for all parties to complete the necessary discovery and that the case is ready for trial (see 22 NYCRR 103.2). Under these circumstances, defendant should be permitted to amend her answer in the 1972 divorce action in order to allege new affirmative defenses and counterclaims and demands for ancillary relief (see CPLR 3025, subd [b]). However, in that action, defendant will be limited to the relief available to her pursuant to part A of section 236 of the Domestic Relations Law, inasmuch as plaintiff's underlying action was commenced prior to the effective date of the equitable distribution provisions of part B of that section (see *Pollack v Pollack,* 56 NY2d 968; *Valladares v Valladares,* 55 NY2d 388; *Tucker v Tucker,* 55 NY2d 378). Plaintiff is directed to comply with defendant's request for additional discovery, including an examination before trial, and must furnish an affidavit of net worth pursuant to section 236 (part A, subd 2) of the Domestic Relations Law and sections 117.1 through 117.3 of title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York, should defendant amend her answer to include a demand for alimony. In order to prevent further delay in the prosecution of this action, plaintiff is directed to complete the required discovery and financial disclosure and to certify that he has done so in an application to restore the case to the Trial Calendar (see 22 NYCRR 675.5) within 60 days after he submits to an examination before trial. In the event plaintiff fails to submit to an examination before trial and to complete financial disclosure as provided herein, then defendant, if so advised, may move to dismiss the action for lack of prosecution.

Mangano, J. P., Thompson, and Weinstein, JJ., concur.

Lawrence, J., dissents and votes to affirm the order appealed from, in a memorandum in which Rubin, J., concurs. In my view, Special Term properly dismissed the action for divorce commenced in August, 1972, as abandoned. Although neither party had sought a discontinuance (CPLR 3217, subd [a]) and defendant never sought a dismissal for lack of prosecution (CPLR 3216), I cannot agree with my learned colleagues that "[t]here was absolutely no indication of any intent on plaintiff's part to abandon the 1972 action during the nine-year interval". In or about July, 1981, plaintiff commenced a second action for divorce in the Supreme Court, New York County (hereafter second action), based upon the 1962 separation agreement. In the complaint in the second action, *verified by the plaintiff,* he alleged that "no other matrimonial action for divorce between the parties is pending in any court of competent jurisdiction". A similar allegation is contained in defendant's answer interposed in the second action in which she counterclaimed for divorce based upon allegations of cruel and inhuman treatment, and requested equitable distribution and maintenance. These averments constituted judicial admissions (*Cook v Barr,* 44 NY 156; Richardson, Evidence [Prince, 10th ed], § 217), and Special Term had a right to consider them in reaching its decision. ¶ The majority also ignores defendant's claim that the parties reconciled in October, 1973 and lived together as husband and wife until April, 1976. While plaintiff denies that there was a reconciliation, his only excuse for his failure to prosecute the 1972 action for nine years is that "my attorney * * * assured me that failure to

press it would not be prejudicial, since we could always place the case on the trial calendar if my wife demanded it". ¶ Plaintiff makes the identical claim for a conversion divorce in the second action that he made in the 1972 action. On the other hand, defendant's counterclaim for divorce interposed in the second action is the *only* divorce action pursued by her, and the continued pendency of the 1972 action does not preclude defendant from pursuing her own action for divorce and seeking equitable distribution (*Motler v Motler*, 60 NY2d 244, 246; *Phelps v Phelps*, 84 AD2d 911). ¶ We are mandated to liberally construe the CPLR (CPLR 104), and while defendant's motion may have been made in the wrong proceeding, and may have been untimely made, I believe that Special Term was not thereby precluded from making "such order as justice requires" (CPLR 3211, subd [a], par 4), and that the order dismissing the 1972 action, as abandoned, without prejudice to the continued prosecution of the second action, should be affirmed. I cannot see how the plaintiff is prejudiced thereby, if he can establish that the separation agreement executed more than 20 years ago is still viable, since marital property is defined as "property acquired by either or both spouses during the marriage and *before the execution of a separation agreement*" (Domestic Relations Law, § 236, part B, subd 1, par c; emphasis added). On the other hand, there will be a substantial savings in judicial energy. ¶ But, since the majority holds that there is no legal basis for the dismissal of the 1972 action, at least the two actions should be tried together since the defendant cannot obtain the relief she is seeking in the 1972 action (see *Phelps v Phelps, supra,* p 912).