■ ANGELINA MEILAK, Respondent, v CHARLES J. MEILAK, Appellant. — Kane, J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered April 18, 1984 in Albany County, which, *inter alia,* denied defendant's motion for

execution of a proposed judgment pursuant to CPLR 9002 and granted plaintiff's cross motion to dismiss the prior action.

In 1977, plaintiff sued defendant for divorce on the ground of cruel and inhuman treatment. At a hearing held in June 1977, the parties appeared and a stipulation on child custody, child support, alimony and property distribution was read into the record. Defendant then withdrew his answer, and the hearing continued with plaintiff giving testimony in support of her allegations of cruel and inhuman treatment. At the conclusion of the evidence, Special Term (Miner, J.) stated that the divorce was granted and directed plaintiff's attorney to prepare findings of fact, conclusions of law and a proposed judgment.

Shortly after the hearing, the parties reconciled. Defendant's attorney and plaintiff both contacted plaintiff's attorney, instructing him not to submit a proposed judgment to the court. For the next six years, plaintiff and defendant lived together as husband and wife. They did not implement any of the provisions of the stipulation and no judgment was submitted to the court. In June 1983, plaintiff commenced an action for divorce. Defendant served an amended answer alleging, *inter alia,* that the prior action for divorce was still pending and moved pursuant to CPLR 9002 for an order executing a proposed judgment in the prior action.* Plaintiff cross-moved for an order dismissing the prior action. Special Term (Cholakis, J.) declared the unsigned judgment a nullity and dismissed the prior action. This appeal by defendant ensued.

There must be an affirmance. Plaintiff and defendant reconciled shortly after the divorce hearing. They instructed their attorneys to proceed no further in the action. Both parties assumed that the action was no longer viable and they lived together under this assumption for six years. Indeed, defendant, in his original answer to the complaint in this action, challenged plaintiff's grounds for divorce as "insufficient for ending our twenty-seven (27) year old marriage". These facts lead unquestionably to the conclusion that the parties abandoned the prior action (*see, Broder v Broder,* 91 AD2d 302, *affd* 59 NY2d 858; *Dunn v Dunn,* 86 AD2d 772, *appeal dismissed* 56 NY2d 591; *Iovino v Iovino,* 74 AD2d 864). The prior action should, therefore, be considered a nullity and as having no effect as a bar to the instant action.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.

---

* Justice Miner had become a Federal District Judge during the intervening time period.