OPINION OF THE COURT
Allan L. Winick, J.
The court declines to sign this judgment of divorce.
Plaintiff obtained a judgment of separation based upon cruel and inhuman treatment (Domestic Relations Law § 200 [1]) and judgment was entered on August 11, 1987. Plaintiff now moves for judgment of divorce based on the same allegations of cruel and inhuman treatment (Domestic Relations Law § 170 [1]). In support of her contention plaintiff cites McKean v *1043 McKean (100 AD2d 537). In that case, the pendency of the separation action did not preclude the divorce action. The court went even further to state that a judgment in the separation action would not bar a divorce action. The McKean court relied on the case of Hall v Hall (150 App Div 688). In that case, the divorce action and separation action were based on different grounds. It was for that reason the court upheld plaintiff’s right to proceed.
However, in the instant case, the plaintiff alleges the same facts as the basis for the divorce and separation causes of action (cruel and inhuman treatment). This court finds that it cannot sign the judgment for two different reasons.
The first is the absence of allegations supporting the divorce action different than those which formed the basis of the separation judgment (Conrad v Conrad, 124 App Div 780).
The second is a more fundamental reason for the rejection of this application.
Effective September 1, 1967, the Legislature amended the Domestic Relations Law by including section 170 (5) which set forth an additional ground for divorce based upon the existence of a judgment of separation for a period of two years or more. Effective September 1, 1972 the minimum period was reduced to one year.
To permit plaintiff in this case to convert her judgment of separation into a judgment of divorce by the method she proposes, is to circumvent the clear intention of the Legislature that at least one year pass before such judgment may be converted into a judgment of divorce.
The statement in McKean (supra, at 538) that, "Even if a separation had been granted in action No. 1, a subsequent action for divorce would have been proper” is not only dictum, but there is no indication that the grounds for separation were either the same or different or that the court even considered that issue.
This court specifically makes no ruling concerning the one-year waiting period and its applicability to a case where the underlying facts forming the basis of a cause of action for separation are different than those forming the basis of the divorce action.
This might be a matter for legislative consideration.