■ AMIR GUIRGUIS, Appellant, v LOUISE GUIRGUIS, Respondent. [722 NYS2d 881] —In a matrimonial action in which the parties were divorced by a judgment entered November 9, 1990, the plaintiff former husband appeals from an order of the Supreme Court, Westchester County (Scancarelli, J.), entered July 11, 2000, which granted that branch of the defendant's motion which was to direct him to pay one-half of the college expenses of the parties' daughter and denied his cross motion, *inter alia*, for judgment against the defendant in the amount of his alleged overpayment of child care expenses, and to vacate any income deduction orders.

Ordered that the order is modified by deleting therefrom the provision denying that branch of the cross motion which was to vacate any income deduction orders; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and a new determination on the issue of the plaintiff's obligation to pay child care expenses.

The parties' separation agreement requires the plaintiff to pay one-half of their daughter's college expenses. Contrary to the plaintiff's contention, the Supreme Court did not err in directing him to pay one-half of those expenses without holding a hearing, since there is no issue of fact regarding this obligation (*see, Greene v Greene,* 237 AD2d 253).

However, there is an issue of fact as to whether or not the plaintiff's obligation to pay child care expenses pursuant to Article XX of the separation agreement ended, and if so, when. Accordingly, the Supreme Court should not have denied this branch of the cross motion without conducting a hearing (*see, Iovino v Iovino,* 74 AD2d 864). Friedmann, J. P., Florio, Luciano and Feuerstein, JJ., concur.