■ SIDNEY KALISH, Appellant, v SARA B. KALISH, Respondent. [733 NYS2d 717] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Satterfield, J.), entered March 20, 2000, which, after a nonjury trial, *inter alia,* awarded the defendant child support in the sum of $250 per week and an attorney's fee in the sum of $10,000.

Ordered that the judgment is modified by deleting the provision thereof awarding the defendant an attorney's fee in the sum of $10,000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

"Child support is determined by the parents' ability to provide for their child rather than their current economic situation" (*Matter of Zwick v Kulhan,* 226 AD2d 734). The plaintiff,

an ophthalmologist, worked part-time and earned approximately $144,000 during the last year of his practice in Philadelphia. Based on the evidence regarding the potential earning capacity of an ophthalmologist with experience commensurate with that of the plaintiff, the Supreme Court properly imputed annual income to him in the sum of $150,000 and awarded the defendant child support based on that figure.

The Supreme Court improperly awarded the defendant an attorney's fee without the submission of an affidavit from her attorney (*see, Sherman v Sherman,* 168 AD2d 550, 551; *McKean v McKean,* 100 AD2d 537, 538). Therefore, the provision of the judgment awarding the defendant an attorney's fee is deleted, and the matter is remitted to the Supreme Court, Queens County, for a new determination on this issue after the filing of appropriate affidavits (*see, McKean v McKean, supra*).

The plaintiff's remaining contentions are without merit. Goldstein, J. P., McGinity, Luciano and Crane, JJ., concur.