■ EILEEN KIRBY, Respondent, v SEAN KIRBY, Appellant. [857 NYS2d 508]—In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Queens County (Strauss, J.), dated August 18, 2006, which, inter alia, denied his motion for leave to renew his opposition to the plaintiff's motion pursuant to CPLR 3126 to preclude him from presenting certain evidence at trial, which motion was granted in an order dated March 8, 2006, and (2) a judgment of the same court (Gartenstein, J.H.O.) dated May 10, 2007 which, after a nonjury trial, among other things, awarded the plaintiff child support in the sum of $783 per week.

Ordered that the appeal from the order dated August 18, 2006 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order dated August 18, 2006 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the defendant's contentions, the court's determi-

nation as to equitable distribution is supported by facts in the record, and the court adequately explained the bases for its award as required by Domestic Relations Law § 236 (B) (5) (g).

The court's child support award also has a sound basis in the record and is in accordance with the statutory mandate (*see* Domestic Relations Law § 240 [1-b] [b] [3] [iii]; [c]). The court properly determined income based on actual evidence of income as well as earning potential (*see Kalish v Kalish,* 289 AD2d 202 [2001]; *Morrissey v Morrissey,* 259 AD2d 472 [1999]; *Matter of Fleischmann v Fleischmann,* 195 AD2d 604 [1993]).

The defendant's remaining contentions are without merit. Fisher, J.P., Covello, Angiolillo and Belen, JJ., concur.